DESERISY ET AL., APPELLANTS, *v.* DE COURCY ET AL., APPELLEES.

[Cite as Deserisy v. De Courcy, 16 Ohio App. 2d 147.]

(No. 10606—Decided October 7, 1968.)

*Messrs. Freiden, Hoy & Barstow,* for appellants.
*Mr. Melvin G. Rueger* and *Mr. Robert W. Worth,* for appellees.

SHANNON, J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County, taken from the overruling of plaintiffs-appellants' motion for summary judgment. Plaintiffs had sought a declaratory judgment that the zoning of certain real estate had been changed from Residence A to Retail Business E because the county commissioners failed to act within twenty days of their public hearing.

The sole issue presented here is: must Section 303.12, Revised Code, be interpreted to provide that failure of a Board of County Commissioners to act' within twenty days of its hearing constitutes approval of favorable recommendations of the Rural Zoning Commission?

The chronologic sequence of events pertinent to the question is as follows. In August, 1967, plaintiffs, appellants herein, filed an application to change the zoning of their real estate. On August 15, 1967, the professional staff of the Hamilton County Regional Planning Commission recommended to that commission approval of plaintiffs' application upon certain conditions being met. The commission concurred unanimously and, on September 21, 1967, voted to recommend approval of the application for change of zone, plaintiffs having complied with the conditions established. On October 25, 1967, the Board of County Commissioners held a public hearing on the proposed amendment but took no action thereon until December 13, 1967, a hiatus of forty-nine days, when the board voted unanimously to deny the application for change of zone.

Thereafter, plaintiffs filed their petition for declaratory judgment, defendants, appellees herein, filed an answer admitting the facts pleaded in the petition, and the motion for summary judgment was heard and overruled.

As it applies to the controversy at bar, Section 303.12, Revised Code, reads:

"* * *

"The county or regional planning commission shall recommend the approval or denial of the proposed amendment or supplement or the approval of some modification thereof and shall submit such recommendation to the county rural zoning commission. Such recommendation shall be considered at the public hearing held by the county rural zoning commission on such proposed amendment or supplement.

"The county rural zoning commission shall, within thirty days after such hearing, recommend the approval or denial of the proposed amendment or supplement, or the approval of some modification thereof and shall submit such recommendation together with such application or resolution, the text and map pertaining thereto and the recommendation of the county or regional planning commission thereon to the board of county commissioners.

"The board of county commissioners shall, upon receipt of such recommendation, set a time for a public hearing on such proposed amendment or supplement, which date shall not be more than thirty days from the date of the receipt of such recommendation from the county rural zoning commission. Notice of such public hearing shall be given by the board by one publication in one or more newspapers of general circulation in the county, at least fifteen days before the date of such hearing.

"The published notice shall set forth the time and place of the public hearing and a summary of the proposed amendment or supplement.

"'Within twenty days after such public hearing the board shall either adopt or deny the recommendation of the zoning commission or adopt some modification thereof. In the event the board denies or modifies the recommendation of the county rural zoning commission the unanimous vote of the board shall be required.

"'* * * *'"

Plaintiffs contend that Section 303.12, Revised Code, must be construed to mean that failure either to adopt or deny the recommendation of the zoning commission within twenty days after the public hearing constitutes approval of such recommendation. To do otherwise, they argue, would be to fail to protect a citizen in his rights of property.

The Legislature of this state has provided, *inter alia*, in Section 711.09, Revised Code, that unless the planning commission, platting commissioner or legislative authority of a village approves or disapproves a plat within thirty days of its submission, it is deemed approved. In Section 709.04, the Legislature has said that:

" * * * If the legislative authority fails to pass an ordinance or resolution accepting the application for annexation within a period of one hundred twenty days after the transcript is laid before it by the auditor or clerk, the application for annexation shall be *deemed rejected* by the legislative authority, unless it has been prevented from acting by a temporary restraining order, a temporary in-

junction, or some other order of a court.'' (Emphasis added.)

The omission of a provision in Section 303.12, Revised Code, that failure by the Board of County Commissioners to act shall constitute approval or disapproval can only be interpreted to mean that the Legislature intended to establish only a time within which the board must act or be compelled to act by a writ of mandamus. It is beyond argument that mandamus will lie, not to control official discretion, but to compel the exercise thereof.

Therefore, a citizen has a remedy should a board be dilatory, and it cannot be presumed that resort to such would prejudice him.

We hold that the failure of the Board of County Commissioners to act within twenty days of its hearing on plaintiffs' application for change of zone did not constitute approval of the favorable recommendations of the Rural Zoning Commission but merely rendered such board amenable to mandamus.

Accordingly, the order of the Court of Common Pleas overruling the plaintiffs' motion for summary judgment is sustained.

*Judgment affirmed.*

LONG, P. J., and HILDEBRANT, J., concur.