SCHROPSHIRE et al., Appellants,

v.

City of ENGLEWOOD et al., Appellees.

[Cite as *Schropshire v. Englewood* (1993), 92 Ohio App.3d 168.]

Court of Appeals of Ohio,
Montgomery County.

No. 13782.

Decided Nov. 8, 1993.

*Ann Requarth* and *Brian Roberts,* for appellants.

*Richard J. Holzer,* Director of Law; *Andrew C. Storar* and *Mark E. Defossez,* for appellees.

KERNS, Judge.

This appeal is directed to two separate orders of the Court of Common Pleas of Montgomery County, one of which sustained a motion of the defendants-appellees to dismiss an appeal filed under R.C. Chapter 2506, and the other of which sustained a motion of the defendants-appellees to disqualify one Ann Requarth as counsel for plaintiffs-appellants.

The plaintiffs are the owners of real estate located in Randolph Township which is contiguous to or in close proximity to seventy-nine acres of land located in the city of Englewood.

On June 30, 1992, Englewood enacted an ordinance rezoning the seventy-nine acres from R–3 to C–4, and also adopted an ordinance clarifying the uses permitted in a C–4 zoning district.

On July 6, 1992, the plaintiffs, through their counsel, Ann Requarth, filed what has been styled as a "notice of appeal from final order of Englewood Council" in the court of common pleas pursuant to R.C. Chapter 2506, and, on the same day, the plaintiffs filed a declaratory judgment action requesting that the rezoning and clarification ordinances be declared unconstitutional.

On August 4, 1992, the defendants moved to dismiss the appeal on the ground that the action taken by the Englewood Council was legislative in nature and therefore not judicially reviewable, and such motion to dismiss was sustained by

the trial court on November 19, 1992. However, at the time, no particular determination was made with reference to the declaratory judgment action.

On October 29, 1992, the defendants filed a motion for an order disqualifying Ann Requarth as counsel for the plaintiffs, the defendants claiming in support of the motion that her continued involvement in the proceedings as advocate would violate DR 5–101(B) of the Ohio Code of Professional Responsibility. In a separate entry, this motion was also sustained by the common pleas court on November 19, 1992.

In this appeal, the appellants rely upon two assignments of error, the first of which has been stated as follows:

"1. The trial court erred in granting defendants' motion to disqualify plaintiff trial attorney Ann Requarth, from further participation as counsel in this matter."

According to the record, Requarth is one of the owners of real property located in Randolph Township, and she apparently was one of the prime movers in the challenge to the rezoning ordinance enacted by the City Council of Englewood. In fact, both she and her husband noted that they will be impacted just the same as plaintiffs should the commercial zoning be permitted to stand. Moreover, Requarth observed that the plaintiffs would suffer a hardship should they not be permitted to continue with her representation free of charge. See DR 5–101(B)(4).

In seeking the disqualification of Requarth, the defendants relied upon a provision of the Code of Professional Responsibility, which provides, among other things, that "a lawyer shall not accept employment in contemplated or pending litigation if he knows or if it is obvious that he or a lawyer in his firm ought to be called as a witness * * *."

In support of their position, the defendants also argue that Requarth is certain to be a key witness and that her testimony on cross-examination would be adverse to the claims of her clients, but the record provides no reliable support for such allegations. On the contrary, it appears more likely, at this point, that the testimony of Requarth would be merely cumulative to the testimony of the sixteen plaintiffs and that it would not be necessary, therefore, for her to appear as a witness. Moreover, her husband, Ronald Toke, would occupy the same position as her relative to the commercial zoning.

By its very nature, the rule relied upon by the defendants poses some "iffy" questions, and in this vein, we doubt that the defendants would call Requarth as a witness without having taken her deposition. And only then could the court reasonably weigh the probabilities attending her alleged dual role.

Upon the record presented, therefore, the absolute disqualification of Requarth as counsel for the plaintiffs was premature, if not completely unwarranted, and, accordingly, the order sustaining the motion to disqualify her as counsel will be reversed.

The second assignment of error has been presented by the appellant as follows:

"2. The trial court erred in sustaining defendants' motion to dismiss plaintiffs' claim for a declaratory judgment."

■ A perusal of the record discloses that this assignment of error is based upon a false premise. As a matter of fact, the trial court did not dismiss the plaintiffs' claim for a declaratory judgment. On the contrary, the order entered by the common pleas court was narrowly confined to a dismissal of the appeal initiated under the provisions of R.C. Chapter 2506, and the trial court cannot be faulted for dismissing such appeal. When a person makes a request to a city council to rezone property, this is a request for legislative action and the action of the city council in rezoning property may not be attacked in an appeal under R.C. Chapter 2506. See *Flair Corp. v. Brecksville* (1976), 49 Ohio App.2d 77, 3 O.O.3d 146, 359 N.E.2d 459. See, also, *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500; *Berg v. Struthers* (1964), 176 Ohio St. 146, 27 O.O.2d 23, 198 N.E.2d 48; *Remy v. Kimes* (1963), 175 Ohio St. 197, 23 O.O.2d 473, 191 N.E.2d 837. Accordingly, the separate order of the trial court dismissing the appeal will be affirmed.

With reference to both entries, therefore, and with regard for those who may look first and foremost to the final sentence of an appellate court decision, the judgment disqualifying Requarth is reversed, and the judgment dismissing the R.C. Chapter 2506 appeal is affirmed.

*Judgment accordingly.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.