IVKOVICH et al., Appellees,

v.

CITY OF STEUBENVILLE et al., Appellants.

[Cite as *Ivkovich v. Steubenville* (2001), 144 Ohio App.3d 25.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

Nos. 98–JE–40 and 98–JE–42.

Decided June 4, 2001.

*Geoffry E. Webster* and *J. Randall Richards,* for appellees.

*S. Gary Repella,* Law Director, and *David E. Henderson,* Assistant Law Director, for appellant city of Steubenville.

*Benesch, Friedlander, Coplan & Aronoff* and *Edward Kancler,* for appellant LMP Land Developers, Inc.

WAITE, Judge.

This matter arises from an administrative appeal whereby the common pleas court reversed the decision to grant an application for rezoning and a conditional use permit. For the following reason, we must reverse the judgment of the lower court.

On November 24, 1997, appellant LMP Land Developers, Inc. ("LMP") filed an application to rezone a parcel of land from R–1A single-family residential to R–2A general residential. LMP also filed an application for a conditional use permit to allow the construction of an eighty-bed residential care facility on the property by a prospective purchaser of the land.

On February 9, 1998, the Steubenville Planning and Zoning Commission ("commission") conducted a public hearing to consider both applications. No agent of LMP appeared at the hearing. However, the prospective purchaser, Balanced Care Corporation, appeared and provided information to the commission. Also in attendance were appellees Samuel Ivkovich and David Bartoia, single-family homeowners of property adjacent to or nearby LMP's property, who voiced their opposition to the applications. The commission recommended the approval of both applications to the Steubenville City Council. On February 17, 1998, council approved Ordinance Nos. 1997–129 and 1997–130, which granted

LMP's application for rezoning and its application for a conditional use permit, respectively.

Appellees appealed the enactment of council's legislation to the common pleas court purportedly pursuant to R.C. Chapter 2506 and argued that the approval of the applications was not supported by reliable, probative, and substantial evidence and that it was not in accordance with the law. On August 19, 1998, the trial court filed a journal entry finding that the recommendations of the commission were based upon inadequate information and that the recommendations were therefore arbitrary. The trial court declared the ordinances null and void and remanded the matter to the commission (not city council) for an adjudicatory hearing. The court stated that the commission needed to conduct studies and address specific issues, including parking, traffic impact, water runoff, site lighting beyond property lines, and the requirements of existing city ordinances.

LMP filed its notice of appeal to this court on September 16, 1998. The appeal was designated case No. 98–JE–40. Appellant city of Steubenville ("Steubenville") filed its notice of appeal on September 18, 1998. That appeal was designated case No. 98–JE–42. This court consolidated the appeals in a journal entry filed on February 2, 1999.

Collectively, LMP and Steubenville raise twelve assignments of error. LMP's first assignment of error raises five sub-assignments of error. Before addressing these numerous arguments, we must first consider whether the trial court had jurisdiction to hear the appeals from council's enactment of these ordinances. While this issue was not raised by either appellant, it is well settled that the issue of subject matter jurisdiction may be raised *sua sponte* by the court at any stage of the proceedings, including for the first time on appeal. *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537, overruled on other grounds in *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, paragraph one of the syllabus; Civ.R. 12(H)(3).

With respect to the common pleas court's decision to reverse the rezoning ordinance, as earlier stated, appellees purported to file their appeal pursuant to R.C. Chapter 2506. Pursuant to R.C. 2506.01, "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas * * *." Thus, in order for the common pleas court to have jurisdiction under R.C. Chapter 2506 to review a decision, it must be a final resolution of a quasi-judicial proceeding. *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 27, 599 N.E.2d 268, 269–270. "In other words, the decision being appealed must have resulted from the exercise of the agency's administrative power as a result of a quasijudicial proceeding, rather than the

exercise of the agency's legislative authority, which the court cannot review." *Thomas v. Beavercreek* (1995), 105 Ohio App.3d 350, 354, 663 N.E.2d 1333, 1336, citing *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500.

In the present matter, the decision being appealed was the enactment of an ordinance by council. Rezoning property by a city council is a legislative action that is not reviewable by the court of common pleas under R.C. Chapter 2506. *Schropshire v. Englewood* (1993), 92 Ohio App.3d 168, 171, 634 N.E.2d 657, 658–659, citing *Flair Corp. v. Brecksville* (1976), 49 Ohio App.2d 77, 3 O.O.3d 146, 359 N.E.2d 459; *Donnelly v. Fairview Park, supra.* Therefore, the trial court had no jurisdiction to review the ordinance which effected rezoning of LMP's land. As the trial court lacked jurisdiction to review this piece of legislation, we must reverse the common pleas court's decision as to this matter.

Accordingly, we need not reach the merits of appellants' arguments aimed at the rezoning ordinance, specifically LMP's first assignment of error and Steubenville's first assignment of error, which respectively state:

"The court of common pleas, acting in its appellate capacity under the provisions of Chapter 2506 of the Ohio Revised Code, committed prejudicial error in holding that Ordinance No. 1997–129, which zoned the land in question to permit an assisted living facility, was unconstitutional * * *."

"The court of common pleas committed prejudicial error when, acting in its capacity as an appellate court under ORC Chapter 2506, it held Ordinance No. 1997–129, which rezoned the subject land, to be null and void by ignoring the evidence in the record and by substituting its judgment for that of the city of Steubenville and the Steubenville City Council * * *."

While it is irrefutable that a decision relative to zoning is a legislative act not subject to administrative appeal, the issue as to whether the grant of the conditional use permit is a legislative act is not so explicit. Although the grant of the conditional use permit here was also in the form of an ordinance enacted by city council, that form does not, in and of itself, necessarily make this a legislative action. A public body, essentially legislative in nature, may act in an administrative capacity. *Donnelly v. Fairview Park, supra,* paragraph one of the syllabus. "The test for determining whether an action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Id.,* paragraph two of the syllabus. According to Steubenville City Ordinance 1191.02, "the city council may authorize the issuance of a zoning approval for any of the conditional uses for which this Zoning Code requires such * * *." Thus, it would appear that council's role in these matters is administra-

tive in nature, as it merely grants or denies approval of a use provided for under the city ordinance.

However, as noted above, the trial court has authority to hear an appeal of an administrative action only if the action was quasi-judicial. *Thomas v. Beavercreek, supra,* at 354, 663 N.E.2d at 1336–1337, citing *State ex rel. McArthur v. DeSouza, supra,* at 27, 599 N.E.2d at 269–270. "To be considered a quasijudicial proceeding, the proceeding must resemble a court proceeding in that an exercise of discretion is employed in adjudicating the rights and duties of parties with conflicting interests." *Thomas v. Beavercreek* at 354, 663 N.E.2d at 1336, citing *Talbut v. Perrysburg* (1991), 72 Ohio App.3d 475, 478, 594 N.E.2d 1046, 1047–1048; *Union Title Co. v. State Bd. of Edn.* (1990), 51 Ohio St.3d 189, 190–191, 555 N.E.2d 931, 931–933. "Moreover, the Ohio Supreme Court has previously determined that 'proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for the introduction of evidence.'" *Thomas v. Beavercreek* at 354, 663 N.E.2d at 1336, quoting *State ex rel. McArthur v. DeSouza, supra,* at 27, 599 N.E.2d at 270, citing *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraph two of the syllabus.

In the matter before us, Steubenville Zoning Ordinance 1191.02(a) provides that "[u]pon application and after a public hearing and recommendations by the Planning Commission, the City Council may authorize the issuance of a zoning approval for any of the conditional uses * * *." Steubenville Zoning Ordinance 1191.02(c) provides:

"The Planning Commission shall not consider any application for a conditional use approval without first holding a public hearing, notice of which hearing shall be given by publication in a newspaper of general circulation in the City at least thirty (30) days before the date of such hearing. The Clerk of Council shall give written notice of each public hearing to owners of property which lies adjacent to and within two hundred fifty (250) feet of the site in question * * *."

Steubenville Zoning Ordinance 1191.02(e) provides:

"When the Planning Commission has reported its findings as required herein, Council shall take action to approve, disapprove or conditionally approve the conditional use, except that no conditional use that is reported on unfavorably by the Commission shall be approved by Council except upon affirmative vote of not less than five (5) members of Council."

The sections of the zoning ordinances provided to this court indicate that the only requirement for notice and hearing was with respect to the commission's formulation of a recommendation to city council. *Thomas v. Beavercreek, supra,* presents a situation very similar to that before us. In *Thomas,* an administrative

board's recommendation resulted from a mandatory hearing that required prior notice within the board. Council's adoption of the board's recommendation did not require notice and hearing. The decision that was purportedly appealed to the common pleas court was city council's adoption of the recommendation. The court of appeals in Thomas ruled that council's action was not quasi-judicial and, thus, not capable of review by the court of common pleas under R.C. Chapter 2506. *Thomas v. Beavercreek* at 356, 663 N,E.2d at 1337–1338. The *Thomas* court stated that although the administrative board's recommendation lacked the finality necessary for review under R.C. Chapter 2506, the adoption by the city council also lacked the quasi-judicial nature necessary for such review. *Thomas v. Beavercreek* at 356, 663 N.E.2d at 1337–1338.

. On its face, the present matter is similar to *Thomas*. The Steubenville Zoning Code does not require notice and hearing for city council's approval of a recommendation regarding a conditional use. Without more, it would appear that the order appealed here would not be the result of a quasi-judicial proceeding and that the trial court lacked jurisdiction to hear an appeal under R.C. Chapter 2506.

However, other courts have held that a common pleas court does have jurisdiction over the appeal of a conditional use permit. In *Route 20 Bowling Alley, Inc. v. Mentor* (Dec. 22, 1995), Lake App. No. 94–L–141, unreported, 1995 WL 869959, the Eleventh District Court of Appeals stated that "[p]roceedings on an application for a conditional use permit are clearly quasi-judicial in nature." *Id.* at *3, citing *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 613 N.E.2d 580. This provides only limited insight, as the Mentor court did not consider whether the decision before it required notice, hearing, and opportunity to present evidence before the legislative body.

In *Talbut v. Perrysburg, supra*, the Sixth District Court of Appeals acknowledged that for a proceeding to be quasi-judicial, the exercise of discretion must be employed in adjudicating rights and duties of parties with conflicting interests, and notice, hearing, and the opportunity to present evidence must be provided. *Id.* at 478, 594 N.E.2d at 1047–1048, citing *M.J. Kelley Co. v. Cleveland, supra*. The *Talbut* court stated:

"The line of cases considering whether the acts of a legislative body are * * * quasi-judicial, has not greatly emphasized the need for written requirements mandating due process procedures. Rather, those cases have focused upon whether the legislative body is enacting a law or other rule or executing or administrating a law already in existence." *Id.*, citing *Donnelly v. Fairview Park*, paragraph two of the syllabus.

The court continued:

"Thus, while it must be conceded that the facts underlying most of the cases dealing with the standard to be applied to actions taken by legislative bodies relative to zoning disclose that due process requirements were mandated by law or rule, the focus of the cases is upon the discretion accorded the legislative body or its delegate in interpreting the zoning law." *Id.* at 479, 594 N.E.2d at 1048.

The critical question is whether the legislative body is applying the law in an adjudicatory manner. *Id.* at 478, 594 N.E.2d at 1047–1048, citing *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 309–310, 20 O.O.3d 285, 288–289, 421 N.E.2d 530, 535–536.

We agree with the *Talbut* court that the essential inquiry is whether the proceeding resembled a court proceeding. In the present case, the hearing at which council granted the conditional use permit resembled a court proceeding in that council exercised discretion in adjudicating the rights and duties of parties with conflicting interests. *Talbut v. Perrysburg, supra,* at 478, 594 N.E.2d at 1047–1048. The record contains a transcript not only of the planning commission hearing but also of the February 17, 1998 council meeting at which council also accepted statements from both proponents and opponents of the issue regarding whether to grant the conditional use permit. Council, after taking these statements and reviewing the commission's recommendation, used its discretionary powers when it voted to adopt Ordinance 1997–134, which granted the conditional use permit. Accordingly, the common pleas court had jurisdiction to hear the appeal from that action by council.

Further, a close reading of *Thomas v. Beavercreek* reveals that the legislative body in *Thomas* voted simply to adopt the recommendation of the zoning board with no further testimony or discussion. Thus, the court in *Thomas* found that the board's actions were quasi-judicial, but the simple act of their adoption by council was not. As council, in the matter before us, passed its legislation after additional hearing, *Thomas* is easily distinguished.

Having determined that the common pleas court had jurisdiction to hear the appeal of the grant of the conditional use permit, we must now consider appellants' remaining assignments of error. LMP's remaining assignments of error state:

"The common pleas court committed prejudicial error in holding that the City Planning Commission and City Council of Steubenville, Ohio, acting in their respective administrative capacities, erroneously granted a conditional use permit to permit an assisted living facility on the land involved under Ordinance 1997–130, and declared the granting of such conditional use permit null and void, vacated and held for naught."

"The common pleas court committed prejudicial error in holding that the conditional use permit granted by the city of Steubenville under Ordinance 1997–130, for the construction of an assisted living facility did not comply with the provisions of Chapter 1191 of the Steubenville Zoning Code, when the common pleas court decision in effect substituted its own judgment for that of the city of Steubenville, thereby ignoring the law of the state of Ohio."

"The common pleas court committed prejudicial error in ruling that the issuance of the conditional use permit was not supported by substantial, reliable, and probative evidence, when, in fact, appellees herein presented no evidence, and the evidence in support of the application was legally sufficient."

"The common pleas court committed prejudicial error in erroneously ruling that the conditional use permit under Ordinance 1997–130 was wrongfully issued by the city of Steubenville, Ohio, because no traffic study was conducted, when the ordinances of the city of Steubenville have no such requirement, and in all events, the record supports the conclusion of the city that the proposed use of the land will not create a traffic problem."

"The common pleas court committed prejudicial error in holding that the conditional use permit under Ordinance 1997–130 was erroneously granted by the city of Steubenville, on the basis that the city did not properly apply its parking requirements, when, in fact, the city of Steubenville clearly and without ambiguity applied the proper parking requirements to the application for conditional use permit."

"The common pleas court committed prejudicial error in holding that the conditional use permit under Ordinance 1997–130 was erroneously granted on the basis that the city did not properly consider water run-off, or drainage, when in fact, it did, as evidenced by the record."

"The common pleas court committed prejudicial error in holding that the conditional use permit under Ordinance 1997–130 was erroneously granted on the basis that the city did not properly consider site lighting beyond property lines when, in fact, it did, as evidenced by the city making such a requirement an express condition of the conditional use permit."

"The common pleas court committed prejudicial error in erroneously claiming that a landscaping plan was not submitted, when, in fact, a landscaping plan was presented—and was expressly referred to in testimony before city council."

"The common pleas court committed prejudicial error in holding that the conditional use permit was invalidly issued, thus ignoring the law of Ohio in substituting its judgment for that of the city of Steubenville, when no evidence of bad faith, abuse of discretion or unconscionable conduct exists."

Steubenville's remaining assignment of error states:

"The court of common pleas erred by substituting its judgment for that of the city planning commission and city council in reviewing the city planning commission and city council's grant of a conditional use permit under Ordinance No. 1197–130, and holding the same to be null and void, vacated and held for naught."

As appellants' arguments all revolve around the standard of review of the evidence on record from the administrative bodies, these will be addressed together. Turning to this issue, it is well settled that "[w]hen a trial court reviews an administrative appeal, the court may not substitute its judgment for that of the agency unless there is not a preponderance of reliable, probative and substantial evidence to support the decision below." *Koch v. Austintown Twp. Bd. of Zoning Appeals* (Mar. 14, 2000), Mahoning App. No. 98 CA 164, unreported, 2000 WL 288656 at *1, citing *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 35, 12 OBR 26, 30–31, 465 N.E.2d 848, 852–853. On review, "[an] appellate court must affirm unless, as a matter of law, the trial court's decision is not supported by the preponderance of reliable, probative and substantial evidence." *Id.*

In the matter before us, Steubenville Zoning Code 1191.01(A) provides that when recommending that council grant or deny a conditional use permit, the planning commission shall take into consideration "the health, safety and welfare, the comfort and convenience of the public in general and of the residents of the immediate neighborhood in particular * * *." Pursuant to Steubenville Zoning Code 1191.02(a), the commission may recommend the imposition of conditions and safeguards to accomplish certain objectives, including accessibility for fire and police protection; harmony with the development of the district and adjacent properties; safety of pedestrian and vehicle traffic that the proposed use is not to be in conflict with, and is not to be hazardous or inconvenient to the residential district; and that the structure and landscaping of the conditional use will not hinder or discourage the appropriate development of the adjacent land or buildings. The trial court has misconstrued these as requiring mandatory findings by the commission prior to recommending the use be granted. Steubenville Zoning Code 1191.03(e) provides that a conditional use may be periodically reviewed to ensure compliance with those conditions and safeguards. But far from being a mandatory checklist that an applicant must fulfill prior to obtaining a permit, these considerations are merely that: a nonexhaustive list of factors to be weighed by the administrative body in determining whether to grant the use. It is indisputable that the nature of a conditional use is that the use is permitted if certain requirements are followed. See *Gerzeny v. Richfield Twp.* (1980), 62 Ohio St.2d 339, 341, 16 O.O.3d 396, 398, 405 N.E.2d 1034, 1035. Thus, it is equally clear that the only question the trial court should have addressed was whether the record before it from city council

and the commission contained evidence that those factors were considered by the administrative tribunals.

A trial court's review of an administrative hearing is confined to the transcript as filed pursuant to R.C. 2506.02, with certain exceptions. R.C. 2506.03. R.C. 2506.02 provides for the certification of a transcript of the hearing "upon the filing of a praecipe." There was no praecipe filed in the present case, although a certified transcript of the hearing before the planning commission and the proceedings before city council appears in the record. That transcript contains no plans submitted by the applicant but consists mainly of reports, recommendations, and unsworn comments before both the commission and council.

Of note, the transcript at council's proceedings contains a report and recommendation from the chair of the planning commission recommending the approval of the conditional use with conditions pursuant to Steubenville Zoning Code 1191.02(a). The report specifically states that some conditions should be imposed for the public health, safety, and welfare, and to ensure no detriment to adjacent properties. Specifically, the report stated that conditions for approval of the use included construction of a fire lane, a building sprinkler system, installation of a fire hydrant at the rear of the building, widening of main access drive, sanitary sewer easement if one does not exist, no direct or reflected glare from site lighting beyond the property line, and an externally illuminated single monument-type ground sign. Council unanimously adopted this report as its "Conclusions of Fact." Read in light of the applicable zoning ordinance, it is clear that council and the commission concluded that the conditional use would be harmonious with the public health, safety, and welfare pursuant to Steubenville Zoning Code 1191.01(A) so long as the use complied with the stated conditions and safeguards.

The transcript also includes comments made at the council hearing by Frank Baxter, a representative of Balanced Care Corporation. His comments supported that the conditions and safeguards recommended by the commission would be met. Baxter stated that Balanced Care will widen the driveway and install two additional fire hydrants. Baxter also stated that Balanced Care was working closely with officials to build a fire lane that accomplishes fire protection goals while maintaining an exterior appearance pleasing to the community. Baxter also addressed other fire-safety concerns, stating that the facility would contain sprinkler, smoke-detector and call systems, and that the facility is of noncombustible construction. Moreover, Baxter unequivocally stated that "[w]e are in complete agreement with * * * the recommendations from the Planning Commission and from the City Engineer's office and the Fire Official's office * * *." Thus, there was evidence in the record to support council's grant of the conditional use.

The opposition to the conditional use consisted entirely of the verbally expressed concerns and opinions of appellees and of a petition in opposition to the conditional use signed by neighbors of the proposed development. However, the petition does not explain the reasons for their opposition. Neither appellees nor any other opponent to the conditional use permit presented any actual evidence outside their personal opinion that granting the permit would be detrimental to the health, safety, welfare, comfort, or convenience of the public or of the residents of the immediate neighborhood, primarily focusing on traffic impact. With respect to the zone change and not the conditional use permit, appellees, through their representative, expressed concern that the construction of the facility would result in increased traffic flow. This concern was based on an unsubstantiated "informal traffic study."

In a reversal of his role in an administrative appeal, the common pleas judge determined that there was not enough evidence before council and the commission to allow the grant of the conditional use. To so conclude, the court found that while some of the code factors were considered and addressed, every one of the factors listed in the code as considerations were required to be addressed and that evidence was required on record as to each and every factor before the conditional use could be granted. Additionally, when the court tried to impose a mandatory checklist of factors which must be met prior to the decision to grant the conditional use, it also attempted to read into the Steubenville codes such things as the requirement that the city have in its possession a traffic study and other reports and/or studies prior to granting the conditional use. These mandates simply do not exist. Further, such mandates are anathema to the term "conditional use," which clearly allows the use conditioned on certain requirements being met in the future.

The record reveals that, although the "testimony" at both the commission and council levels was unsworn, all of the factors set out by code were considered and the plan was given a conditional approval. Further, there was nothing offered in opposition other than the personal opinions of certain neighbors of the property. The common pleas judge had the ability pursuant to R.C. 2506.03 to rehear the appeal and take new evidence in addition to the transcript. R.C. 2506.03(A)(3) provides that the lower court is confined to adjudicating the appeal on the basis of the transcript filed by the administrative body unless the testimony is unsworn, among other things. R.C. 2506.03 goes on to state that in this event, any party would be free to offer additional testimony. No party chose to exercise this opportunity. Thus, the common pleas judge was left with only the record before the city council and the commission, which contains evidence provided by various officials in support of the use and no real evidence by any party opposing. This being the case, the court should not substitute its judgment for that of the

administrative body, and it was error to do so. · Appellants' assignments of error regarding the conditional use permit are therefore sustained.

For the foregoing reasons, we must reverse the judgment of the common pleas court.

*Judgment reversed.*

VUKOVICH, P.J., and DEGENARO, J., concur.