OPINION
Plaintiff-appellant, Auxier Trucking ("Auxier"), appeals the decision of the Clermont County Court of Common Pleas finding that defendant-appellee, Tate Township Board of Trustees ("trustees"), properly denied Auxier's request to rezone its property.
Auxier applied for a zoning amendment to change the zoning of thirty-five acres of its property from agricultural to a "C-3" commercial designation. Auxier intended to use the property for its trucking and excavating business and to sell topsoil, mulch, gravel and firewood. The field staff for the county planning commission recommended denial of Auxier's request because the use would be "too intense" and was not compatible with the surrounding residential uses. However, the planning commission rejected the recommendations of its field staff and recommended approval of Auxier's request to change zoning of the property to C-3.
The township zoning commission ("commission") did not approve Auxier's requested change to C-3 zoning. Instead, the commission recommended that ten acres of Auxier's property be rezoned "C-2," a less intense commercial designation than C-3, with the recommendation that Auxier seek a zoning variance to allow outside storage on the property.
The trustees held a public hearing on Auxier's request on February 22, 1999. Several people from the community attended and expressed concerns regarding rezoning the property for Auxier's proposed business. The trustees unanimously voted against amending the zoning plan to allow for Auxier's business. Auxier filed a complaint with the Clermont County Court of Common Pleas requesting declaratory relief, injunctive relief and monetary damages. Although not alleged in the complaint, Auxier's post-trial brief stated that it was proceeding on an appeal pursuant to R.C. Chapter 2506. The trial court ruled in favor of the trustees on all claims.
Auxier now appeals the trial court's decision and raises three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN UPHOLDING TATE TOWNSHIP'S BOARD OF TRUSTEES DECISION TO DENY THE ZONING COMMISSION'S RECOMMENDATION AS THE TRUSTEES DID NOT ACT ON THE COMMISSION'S RECOMMENDATION.
In its first assignment of error, Auxier contends that the trustees failed to take action on the zoning commission's recommendation within the twenty day statutory period. Auxier further argues that this failure to take action resulted in adoption of the recommendation.
After the zoning commission considers a rezoning request, it must submit its recommendation, along with the application, text and map pertaining to the location, to the township trustees. R.C. 519.12(E). The township trustees must set a time for a public hearing and give notice.Id. Within twenty days after the public hearing, the trustees must "adopt or deny the recommendations of the zoning commission or adopt some modification thereof." R.C. 519.12(H).
The minutes of the public hearing state that the hearing was in regard to the ten acres of property that Auxier wanted rezoned to C-2, and that Auxier would have to seek a variance for C-3 to allow outside storage. However, at the hearing before the trial court, the trustees stated that they considered the original application to rezone the entire property to C-3, as well as the recommendation to rezone ten acres to C-2. In this assignment of error, Auxier appears to be arguing that the only matter the trustees could properly consider was whether to rezone the property C-2 and that they did not specifically do so. Auxier also argues that the trustees overreached their powers by usurping the Board of Zoning Appeals authority to rule on a variance.
Trustee Franklin Wilson testified at the hearing that he looked at the case as a C-3 with a C-2 recommendation and that he looked at it as a "whole package." Trustee John Spiller stated that he understood that Auxier had requested a C-3 and the commission had recommended a C-2. He also indicated that he was voting to deny the requests as a "package." Trustee James Burns' testimony indicates that he understood the commission recommended a C-2 request with a variance, and he stated that although he thought he was considering a C-3 request, he would have reached the same result on a C-2 request.
The trustees' testimony regarding exactly what they were voting on is somewhat confusing and unclear. However, it is clear that the trustees clearly understood that they were considering rezoning Auxier's property to allow for its proposed business. Whether the C-3 designation or a C-2 designation with a variance was obtained, the resulting business on the property would still be the same. Because the trustees clearly considered Auxier's request to rezone the property for its proposed business, either as a C-2 or C-3 designation, we find that Auxier's argument that the trustees failed to take action on the commission's recommendation is without merit.
Auxier's argument that the trustees could consider only the C-2 recommendation and that the trustees usurped the BZA's authority by considering the variance issue is also without merit. The trustees were given not only the recommendation, but also the original application and all the other information regarding the request. They had the authority under R.C. 519.12(H) to not only adopt or reject the recommendation, but also to adopt a modification of the commission's recommendation and therefore could consider not only the C-2 recommendation, but also the original C-3 request in making their determination.
The trustees did not exceed their authority in considering the variance issue because they did not specifically vote or rule on the variance. Instead, they took into consideration the fact that if the property were rezoned C-2, Auxier would seek a variance to allow outside storage for its proposed business. They considered this information in determining whether the proposed business would be appropriate for the area. The trustees were not required to consider the C-2 request in a vacuum without consideration of the specific details of Auxier's proposed business.
Finally, we note that even if the trustees had failed to take action on the recommendation, Auxier's argument that failure to take action resulted in adoption of the recommendation is misplaced. Such inaction would not result in adoption of the recommendation, but instead would merely render the board amenable to mandamus to compel them to make a decision. See Deserisy v. De Courcy (1968), 16 Ohio App.2d 147, 150; 1985 Ohio Atty.Gen.Ops. No. 85-010. Accordingly, Auxier's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED ON UPHOLDING THE TATE TOWNSHIP'S BOARD OF TRUSTEES DECISION TO DENY THE ZONING COMMISSION'S RECOMMENDATION AS THE DECISION TO DENY WAS NOT SUPPORTED BY COMPETENT EVIDENCE.
In its second assignment of error, Auxier contends that the trustees arbitrarily denied the recommendation to rezone the property. Auxier argues that the trial court erred in upholding the trustees' decision because the decision is not supported by reliable, probative and substantial evidence. Auxier's argument in this assignment of error discusses the trial court's review and appellate review of administrative decisions and contends that there is no credible evidence to support either the decision of the trustees or the trial court.
As mentioned above, Auxier's post-trial brief stated that it was proceeding on an appeal pursuant to R.C. Chapter 2506. This chapter of the Ohio Revised Code provides for appeals to the common pleas court from administrative decisions of political subdivisions. Legislative actions of political subdivisions are not appealable under this chapter.
The Ohio Supreme Court has held that the action of township trustees in adopting or amending a zoning regulation is a legislative action which does not fall under the provisions of R.C. 2506.01. Tuber v. Perkins
(1966), 6 Ohio St.2d 155, 157. Requests to rezone property are essentially requests to amend the zoning code and are therefore legislative actions and are not appealable under R.C. Chapter 2506.[1]
See Berg v. City of Struthers (1964), 176 Ohio St. 146, 146-47; Morainev. Bd. of Cty. Commrs. (1981), 67 Ohio St.2d 139, 144; State ex rel.Zonders v. Delaware Cty. Bd. of Elections (1994), 69 Ohio St.3d 5, 13;Schropshire v. Englewood (1993), 92 Ohio App.3d 168, 171.
The trial court determined that because the trustees' action in denying the rezoning request was legislative, it was precluded from reviewing the trustees' decision pursuant to R.C. Chapter 2506. The trial court properly dismissed Auxier's cause of action under this section. Likewise, we are precluded from reviewing the trustees' decision as an administrative decision on appeal.
We note that although the trustees' decision is not directly appealable pursuant to R.C. Chapter 2506, the zoning determination may be challenged in a declaratory action pursuant to R.C. Chapter 2721. Terry v.Strongsville (Aug. 3, 2000), Cuyahoga App. Nos. 7641, 77168, unreported; see, also, Karches v. Cincinnati (1988), 38 Ohio St.3d 12 (discussing the two ways in which the constitutionality of a zoning ordinance may be attacked). In its decision, the trial court addressed Auxier's declaratory judgment challenge to the constitutionality of the zoning resolution as applied to the property. However, Auxier has not properly challenged the trial court's determination regarding the constitutionality of the zoning decision on appeal.[2] Auxier's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING THAT THE TATE TOWNSHIP TRUSTEE'S [SIC] DECISION TO DENY THE ZONING COMMISSION'S RECOMMENDATION WAS NOT AN UNCONSTITUTIONAL TAKING.
In its third assignment of error, Auxier contends that the trustees' decision to deny the zoning change amounted to an unconstitutional taking of its property. Auxier argues that the trustees rendered the property valueless when they denied the commission's recommendation to rezone to C-2.
A local government "takes" property in violation of the Fifth Amendment to the United States Constitution and the Ohio Constitution when a regulation "goes too far." Pennsylvania Coal v. Mahon (1922),260 U.S. 393, 415, 43 S.Ct. 158. A regulation "goes too far" when it denies the landowner all economically beneficial use of the land. Lucasv. South Carolina Coastal Council (1992), 505 U.S. 1003, 1019,112 S.Ct. 2886. Property has no economically viable use when "the permitted uses are not economically feasible, or the regulation permits only uses which are highly improbable or practically impossible under the circumstances."Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of ZoningAppeals (1988), 38 Ohio St.3d 184, 186.
The property owner must demonstrate that the zoning restrictions render the property effectively valueless, without any economically beneficial use, such that the landowner should be compensated. Lucas,505 U.S. at 1019; Ketchel v. Bainbridge Twp. (1990), 52 Ohio St.3d 239, 245. "[S]omething more than loss of market value or loss of comfortable enjoyment of the property is needed to constitute a taking." State exrel. BSW Dev. Group v. Dayton (1998), 83 Ohio St.3d 338, 345, quotingState ex rel. Pitz v. Columbus (1988), 56 Ohio App.3d 41.
Greg Auxier, vice-president of Auxier, testified that, in his opinion, he cannot make a profit from farming the land because there are only about twelve acres of tillable land. However, no underlying facts or documentation were presented to support this opinion. Greg Auxier also testified that when Auxier purchased an option to buy the land it knew the property was zoned agricultural, and that a request to rezone to C-3 had previously been denied in 1995. Application of existing zoning regulations can hardly be a confiscatory taking when the landowner purchases a property with full knowledge of the existing zoning classifications and the difficulties in modifying the zoning. CommunityConcerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 457-58; MDJ Properties, Inc. v. Union Twp. Bd. ofTrustees (Mar. 27, 2000), Clermont App. Nos. CA99-02-013, CA99-02-019, unreported.
Much of Auxier's argument and testimony at the hearing centered on the concept that the land was more valuable zoned commercial than it was in its current zoning classification. Greg Auxier testified that "when you go to sell, that's why you need it zoned business." However, a landowner does not have the right to have land zoned for its most advantageous economic use. Smythe v. Butler Township (1993), 85 Ohio App.3d 616,621. Greg Auxier further testified that he had not done any type of business plans to determine whether other uses allowable in an agricultural zone were feasible, and there was no other testimony presented regarding the feasibility of such uses.[3] Accordingly, Auxier did not meet its burden to establish that all possible uses under the agricultural zoning classification were economically infeasible. SeeMDJ, Clermont App. Nos. CA99-02-013, CA99-02-019, unreported. Thus, we find that the trial court did not err in determining that Auxier did not meet its burden to establish that the zoning ordinance deprived it of all economically viable use of the property. Auxier's third assignment of error is overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.
[1] Requests to rezone should be distinguished from requests for variances, resubdivision, to permit conditional use or approve a site plan. Such actions are administrative in nature. See Donnelly v. City ofFairview Park (1968), 13 Ohio St.2d 1, 3-4; Flair Corp. v. City ofBrecksville (1976), 49 Ohio App.2d 77, 80-81. These administrative actions involve the application of existing law, while the decision to rezone is a legislative act of making law. See Donnelly, 13 Ohio St.2d 1
at 4.
[2] Although some of the same evidence would be considered under either type of claim, Auxier's arguments in its second assignment of error all relate to the standards applicable to appeals of administrative decisions. Auxier has failed to cite any law or arguments applicable to a challenge to the constitutionality of the zoning code in this assignment of error.
[3] The Agricultural "A" district permits the following uses: agriculture, farming, stock raising, dairying, truck gardening and nurseries, public and semi-public owned or operated properties, single family dwellings, roadside stands for sale of agricultural products, and home occupations. The following uses are considered special exceptions and are allowed with written approval of the Board of Appeals: mining and extraction of minerals or raw materials, manufacturing, processing treating and storing minerals or raw materials extracted from the property, cemeteries, columbariums or crematories, riding stables and private stables, amusement parks, playgrounds, golf courses and other privately owned recreational centers, drive-in theaters, radio and television transmitters and antennas, sanitariums, private airports and landing fields.