{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument before this court. Plaintiff-Appellant, Dawn Mraz as representative of the estate of Alex Zalovick, appeals the decision of the Mahoning County Court of Common Pleas granting the Civ.R. 12(C) motion for judgment on the pleadings of Defendant-Appellee, William Fitker. We are asked to decide whether R.C. 2305.51 is constitutional. However, we find we do not have subject matter jurisdiction to address the constitutionality of R.C. 2305.51 as Mraz has failed to serve the Attorney General with a copy of the complaint in accordance with R.C. 2721.12(A). Thus, we cannot address the substantive arguments within Mraz's sole assignment of error and affirm the trial court's decision.
 {¶ 2} The decedent, Alex Zalovick was born on September 22, 2000, to Mraz. On December 18, 2000, Jaclyn Colon, a fourteen year old girl, threw the baby from a second story bedroom window and stabbed him fifty-six times after he hit the ground. Subsequently, Colon was charged with murder but was found incompetent to stand trial. Fitker had been Colon's psychiatrist prior to the events on December 18, 2000.
 {¶ 3} Mraz was appointed the legal representative of her son's estate and filed a complaint against Fitker and other defendants, claiming wrongful death and negligence per se. Fitker answered that complaint and filed a Civ.R. 12(C) motion for judgment on the pleadings to which Mraz responded. Mraz then filed a motion for leave to file additional argument in further opposition of Fitker's motion and attached a memorandum in support of her motion wherein she argued R.C. 2305.51 is unconstitutional. Subsequently, the trial court granted Fitker's motion for judgment on the pleadings.
 {¶ 4} We affirm the trial court's decision because we do not have subject matter jurisdiction to address the constitutionality of R.C.2305.51. R.C. 2721.12(A) prevents the courts of the State of Ohio from determining the constitutional validity of a statute unless that issue is raised in the pleadings and those pleadings are served on the Attorney General. This law in place to ensure the Attorney General, an interested party every time the constitutionality of a law of this state is challenged, is given an opportunity to defend the constitutionality of the challenged statute. Mraz has not followed the dictates of R.C.2721.12(A) and, therefore, this court is without jurisdictional authority to render judgment on this issue. As Mraz does not challenge the manner in which the trial court applied R.C. 2305.51, but merely challenges the constitutionality of that statute, her assignment of error must be found meritless and the judgment of the trial court must be affirmed.
 {¶ 5} Mraz argues one assignment of error on appeal:
 {¶ 6} "O.R.C. Section 5122.34 which provides qualified civil immunity for psychiatrists for the acts of their patients that harm or cause the death of third persons is unconstitutional in toto and the application of O.R.C. 2305.51 with regards to this issue, as utilized by the trial court, constitutes reversible error."
 {¶ 7} R.C. 5122.34 provides psychiatrists with immunity except as provided in R.C. 2305.51. Although Mraz's assignment of error contends R.C. 5122.34 is unconstitutional, and R.C. 2305.51 is unconstitutional as applied, her real argument is that R.C. 2305.51 is unconstitutional. However, as Fitker points out, Mraz has failed to both plead the unconstitutionality of either statute in her complaint and to serve a copy of that complaint upon the Attorney General. Accordingly, Fitker contends this court does not have subject matter jurisdiction to address the constitutionality of those statutes.
 {¶ 8} Even though Fitker has raised this court's potential lack of subject matter jurisdiction, an appellate court must always determine whether it has subject matter jurisdiction over the case or issues within that case. "It is well settled that the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal." Ivkovich v.Steubenville (2001), 144 Ohio App.3d 25, 29, 759 N.E.2d 434. Thus, before we may address the substance of Mraz's arguments, we must determine whether we are allowed to address those arguments.
 {¶ 9} In its current version, R.C. 2721.12 states, in relevant part:
 {¶ 10} "In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard." (Emphasis added.)
 {¶ 11} As the Ohio Supreme Court has explained, the legislature enacted R.C. 2712.21 to ensure the Attorney General is informed of attacks on the constitutionality of the laws of this state. Ohioans forFair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180, 184,616 N.E.2d 905; Cicco v. Stockmaster (2000), 89 Ohio St.3d 95,728 N.E.2d 1066. Every time a party challenges the constitutionality of a statute, the Attorney General is an interested party. Id. The fundamental purpose behind R.C. 2721.12(A) is to provide the Attorney General with a reasonable amount of time to assess the issues and decide whether to participate in the case. Id. For these reasons, if the provisions of R.C.2721.12(A) are not met, a court lacks subject matter jurisdiction to determine the constitutionality of that particular statute. Cicco at 100; George Shima Buick, Inc. v. Ferencak (2001), 91 Ohio St.3d 1211,1212, 741 N.E.2d 138; In re Adoption of Coppersmith (2001),145 Ohio App.3d 141, 147, 761 N.E.2d 1163.
 {¶ 12} Construing the former version of R.C. 2721.12, the Ohio Supreme Court concluded the Attorney General must be served with a copy of the complaint in compliance with the Civil Rules when a party attacks the constitutionality of a statute and held that requirement is jurisdictional. Cicco at syllabus. The current version of R.C. 2721.12(A) closely parallels the Ohio Supreme Court's decision in Cicco, emphasizing the importance of involving the Attorney General in actions challenging the constitutionality of the laws of this state. Coppersmith at 147.
 {¶ 13} According to the terms of the statute, R.C. 2721.12 applies when a party is seeking some sort of declaratory relief. However, when, as in the present case, the constitutional challenge is raised in a civil action seeking monetary relief rather than in a declaratory judgment action, the statute still applies. George Shima Buick at 1212; see alsoCoppersmith.
 {¶ 14} "Each time a party legally challenges the constitutionality of a state statute, the party is, in essence, requesting the court to enter a declaratory judgment that the statute is unconstitutional. Even if the challenge is not initially raised in a `complaint for declaratory judgment' pursuant to R.C. 2721.12, the court must enter a formal judgment deciding the issue of constitutionality regardless of when the issue is raised. Such a decision is, in fact, a declaratory judgment."George Shima Buick at 1212.
 {¶ 15} Although the Ohio Supreme Court held the party must raise the constitutional issue in the complaint or initial pleading or an amendment thereto in Cicco, it modified that position to accommodate procedural differences in Mayer v. Bristow (2000), 91 Ohio St.3d 3,740 N.E.2d 656. In Mayer, a criminal defendant entered into a plea agreement wherein he consented to be labeled a vexatious litigator as defined in R.C. 2323.52(A)(3). The trial court adopted this agreement and ordered the defendant to obtain leave of the court before engaging in certain legal activities. Afterward, the defendant asked the trial court for leave to proceed on a civil complaint that the trial court denied. On appeal, the Third District sua sponte addressed the constitutionality of Ohio's vexatious litigator statute.
 {¶ 16} On appeal to the Ohio Supreme Court, the parties in Mayer
were ordered to brief the constitutionality of the statute and the Attorney General was granted leave to intervene as a party for the purpose of being heard on this issue. The Ohio Supreme Court found it had jurisdiction to address the constitutionality of the statute even though the Attorney General had not been served with a copy of the complaint because "[t]he Constitutionality of R.C. 2323.52 was not raised by either party, but was instead sua sponte addressed by the Third District Court of Appeals. Therefore, the Attorney General did not have a legal interest in this case prior to the Third District Court's decision." Id. at 8-9. The court found this conclusion was not in conflict with Cicco because "the two decisions simply represent the application of the same principles to differing procedural circumstances." Id. at 9.
 {¶ 17} In this case, Mraz never notified the Attorney General of his constitutional challenge to R.C. 2305.16 in any way. Accordingly, it does not matter that she failed to raise that challenge in her complaint, as Cicco requires, or whether raising the challenge at a later stage, in this case in opposition to Fitker's Civ.R. 12(C) motion for judgment on the pleadings, is proper under R.C. 2721.12(A). Because of Mraz's failure to serve the Attorney General in accordance with R.C.2721.12(A) and Cicco, the Attorney General was never given the opportunity to decide whether or not to defend the constitutionality of R.C. 2305.16 in this case. Thus, this Court does not have subject matter jurisdiction to determine Mraz's constitutional challenge to that statute.
 {¶ 18} As Mraz's whole appeal is based upon that statute's lack of constitutionality, we cannot address the substantive arguments within her assignment of error. Accordingly, we affirm the decision of the trial court.
Vukovich, P.J., concurs.
Waite, J., concurs.