DONNELLY ET AL., APPELLANTS, *v.* CITY OF FAIRVIEW PARK, APPELLEE.

2

(No. 40619—Decided January 3, 1968.)

Messrs. McDonald, Hopkins & Hardy and Mr. James B. Davis, for appellants.

Mr. Robert M. Krewson, director of law, for appellee.

ZIMMERMAN, J. The question for decision is whether the action of a municipal council, in refusing or failing to approve the recommendation of a municipal planning commission as to a resubdivision of real estate which is authorized and sanctioned by a zoning ordinance, is legislative and nonappealable under Chapter 2506, Revised Code, or administrative and appealable under that Chapter.

The resubdivision of their land, as proposed by the Donnellys, accorded with Section 913.30 of the city's zoning code and was approved by the planning commission in compliance with that section. Approval by the city council was likewise governed by Section 913.30 (see Gibson v. Oberlin, 171 Ohio St. 1, 167 N. E. 2d 651), and its function, in recognizing and following the provisions of that ordinance, was administrative or directory rather than legislative. A public body essentially legislative in character may act in an administrative capacity. Of course, the adoption or amendment of a zoning regulation or ordinance is a legislative act (Tuber v. Perkins, 6 Ohio St. 2d 155, 216 N. E. 2d 877), but the failure or refusal to approve a resubdivision of land coming within the terms of a zoning regulation

4

or ordinance already adopted and in existence is an administrative matter.

Thus, in the case of *Jacobs* v. *Maddux*, 7 Ohio St. 2d 21, 23, 218 N. E. 2d 460, 461, it is said in the opinion by O'Neill, J.:

"This court held in *Tuber* v. *Perkins et al., Board of Trustees,* * * * that a Board of Township Trustees may function as a legislative body, and, when it functions as such, there can be no appeal from its action.

"Functionally, the action which the trustees took in the instant case [denial of a petition for incorporation of a village] is not legislative since it involves merely the application of existing law to a given factual situation."

The prevailing rule is succinctly stated in *Kelley* v. *John*, 162 Neb. 319, 321, 75 N. W. 2d 713, 715, as follows:

"* * * The crucial test for determining that which is legislative from that which is administrative or executive is whether the action taken was one making a law, or executing or administering a law already in existence."

To the same effect, see *Kleiber* v. *City and County of San Francisco*, 18 Cal. 2d 718, 117 P. 2d 657, and *Bird* v. *Sorenson*, 16 Utah 2d 1, 394 P. 2d 808. Compare *Remy* v. *Kimes*, 175 Ohio St. 197, 191 N. E. 2d 837, and *Berg* v. *Struthers*, 176 Ohio St. 146, 198 N. E. 2d 48, cited and discussed in *Jacobs* v. *Maddux, supra.*

If, then, the action of a legislative body creates a law, that action is legislative, but if the action of that body consists of executing an existing law, the action is administrative.

In the instant case an administrative function is involved, and an appeal to the Court of Common Pleas under Chapter 2506, Revised Code, was proper procedure.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.