**Morrow v. Fairview Park**
*[Cite as 7 AOA 294]*

*Case No. 57246*
*Cuyahoga County, (8th)*
*Decided October 4, 1990*

*Jane M. Varga, 3794 Pearl Road, Cleveland, Ohio 44109, for Plaintiff-Appellee.*

*Thomas F. O'Malley, 75 Public Square - Suite 1320, Cleveland, Ohio 44113, for Defendants-Appellants.*

NAHRA, J.

William G. Morrow, appellee, sought a variance from the Board of Zoning and Building Appeals of the City of Fairview Park. The board denied the variance, and appellee brought an appeal pursuant to R.C. Chapter 2506 in the court of common pleas. That court reversed the board's decision, and the city and the board brought this appeal. For the reasons set forth below, we affirm the judgment of the court of common pleas.

Appellee is the owner of a lot located on a cul-de-sac in the City of Fairview Park. In 1968, appellee's lot was part of a larger parcel owned by V. E. and R. E. Donnelly. The Donnellys built a house in the middle of their parcel, which was composed of two roughly pie-shaped sublots. The Donnellys subsequently applied to the Planning Commission of the City of Fairview Park for resubdivision of the parcel to create two additional building lots on either side of their home. The commission approved the requested resubdivision, but the Fairview Park City Council did not\. The Donnellys appealed the council's denial of the resubdivision to the common pleas court pursuant to R.C. Chapter 2506. The court of common pleas reversed the council's denial of the resubdivision as unreasonable and arbitrary, and ordered the city to approve the resubdivision.

The court of appeals reversed, finding that the city's decision was legislative in nature and therefore not appealable pursuant to R.C. Chapter 2506. The Ohio Supreme Court reversed, finding that the city's decision was administrative, not legislative, and was therefore appealable. *Donnelly v. Fairview Park* (1968), 13 Ohio St. 2d 1. The Supreme Court remanded the case to the court of appeals for further proceedings. *Id.*

The Donnellys settled the case with the city without further court action. The Donnellys agreed to release their claims against the city, and in return the city passed Fairview Park Ordinance U8-64, approving the resubdivision of the Donnelly's parcel.

The Donnellys sold one of the resubdivided lots to appellee. According to appellee, the Building Commissioner of Fairview Park told him that the lot was buildable. Appellee submitted a request for a building permit to the building commissioner. The request was denied, since appellee had insufficient frontage on the street, and had not obtained a variance from the applicable zoning ordinance. Appellee appealed the denial of the permit to the Fairview Park Board of Zoning and Building Appeals and requested a front line width variance. The board denied the appeal and the variance. Appellee appealed the board's decision to the court of common pleas pursuant to R.C. Chapter 2506. The court of common pleas reversed and vacated the board's decision, and ordered it to grant appellee the requested variance. The City of Fairview Park and its zoning board brought this appeal, assigning as their sole assignment of error:

"THE COURT ERRED IN REVERSING AND VACATING THE DECISION OF THE BOARD OF ZONING AND BUILDING APPEALS."

In *Kisil v. Sandusky* (1984), 12 Ohio St. 3d 30, which concerned a board of zoning appeals' denial of a variance, the court stated that:

"An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope [than appeal to the court of common pleas] and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Id.* at 34.

A property owner is entitled to an area variance upon a showing of practical difficulties. *Kisil v. Sandusky, supra,* at 33. "A property owner encounters 'practical difficulties' whenever an area zoning requirement (e.g. frontage, setback, height) unreasonably deprives him of a permitted use of his property." *Duncan v. Middlefield* (1986), 23 Ohio St. 3d 83, *certiorari denied* (1986), 479 U.S. 986. Other factors to be considered include whether the variance is substantial, whether it is consistent with the essential character of the neighborhood, whether it adversely affects the delivery of governmental services, whether the property owner had knowledge of the lot's nonconformity with the zoning ordinances, whether the problem could be alleviated without a variance, whether the variance would do substantial justice and is in keeping with the spirit of the zoning ordinances. *Id.*

Appellee provided substantial and reliable evidence to show that he is entitled to an area variance not only because of the city's prior approval of the subdivision, but also according to the factors set forth in *Duncan v. Middlefield, supra.* Appellee has shown that no use can be made of the property without the variance, that the planned single-family home is consistent with the residential character of the neighborhood, that appellee was told by the building commissioner that the lot was buildable, that no alternatives are available to appellee which would enable him to build his home other than an area variance, and that the variance would not be contrary to the spirit of the zoning ordinances, given the lot's overall width, and would do substantial justice. *Accord, Rini v. Mayfield Heights* (Aug. 28, 1980), Cuyahoga App. No. 41585, unreported.

Appellants fail to provide any evidence in support of the board's decision. Appellants argue only that the city's approval of the resubdivision in 1968 "does not relieve the developer of the necessity of complying with all zoning and building ordinances of the city in effect at the time an application for a building permit is made."

However, the record does not reveal, and appellants do not cite, any ordinances with which appellee has not complied. Appellee requested a building permit in compliance with Fairview Park Codified Ordinance 1307.01, and appealed the denial of the permit to the Board of Zoning and Building Appeals in compliance with Fairview Park Codified Ordinances 1153.02. Appellants' assignment of error is without merit, and we find as a matter of pleas decision reversing the board's law that the court of common denial of the variance is supported by a preponderance of substantial, reliable and probative evidence.

*Judgment affirmed.*

PATTON, C.J., and SWEENEY, J., concur.