OPINION
J.D. Partnership, and T. R. Properties, Inc., appeal a judgment of the Court of Common Pleas of Delaware County, Ohio, which dismissed their administrative appeal from the Berlin Township Board of Trustees judgment, finding the court of common pleas lacked jurisdiction to hear the appeal. Appellant assigns a single error to the trial court:
ASSIGNMENTS OF ERROR
 THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANTS' R.C. 2506.01 APPEAL FROM THE BERLIN TOWNSHIP BOARD OF TRUSTEES FOR LACK OF JURISDICTION.
The record indicates T.R. Properties, Inc., is an Ohio corporation while J.D. Partnership is an Ohio partnership. The two entities are co-owners of a 40.6 acre parcel of real property in Berlin Township, Delaware County, Ohio. Appellees the Berlin Township Board of Trustees is the entity responsible for final approval or disapproval of zoning changes made in Berlin Township. The Board of Trustees is composed of appellees Robert D. Ford, Steve A. Spangler and Patrick D. Paykoff. In October of 1998, appellants filed an application for approval to re-zone the property. In March of 1999, appellants amended the application. The application sought to alter the zoning of the 40.6 acres from its default classification of SR-1 to Planned Residential District classification in order to develop a low-density residential development, permitted by the Berlin Township Zoning Code. In May of 1999, the Berlin Township Zoning Commission recommended the amended application be denied, and in June the Board of Trustees accepted its recommendation after a hearing, and denied the application. In July of 1999, appellants appealed the decision to the Delaware County Court of Common Pleas pursuant to R.C.2506.01, and the trial court dismissed for lack of subject matter jurisdiction, finding the decision of the Board of Trustees was a legislative function, and therefore not appealable to the court of common pleas. From this judgment, appellants appeal. In its December 8, 1999 judgment entry, the trial court found appellees' decision was a non-appealable legislative decision. The court noted the Board's decision to grant or deny a zoning variance or to approve or disapprove a conditional use is ordinarily an administrative decision which the court of common pleas can review pursuant to R.C. 2506.01. The court found, however, the decision before it was whether to establish or modify a property's zoning classification, and thus a non-appealable legislative action, judgment entry, page two, citations deleted. The court found an order is appealable if it grants or denies an application to enforce an existing zoning law, but an application that asks a Board to re-classify property for zoning purposes does not seek to enforce an existing right even if the Board previously re-zoned comparable property for comparable use. The Berlin Township Zoning Code provides various sections dealing with conditional use permits, variances, and planned residential districts. Section 11.06 of Article XI of the Zoning Code is entitled Planned Residential Districts, and sets forth a procedure by which the applicant files a pre-application, and then a formal application which includes a formal development plan. There must be a hearing on the formal development plan, before formal action on the application. The application section states: The owner[s] of lots or land within the township may request that the zoning may be amended to include such tracts in the planning residential district in accordance with the provision of this resolution.
The Zoning Code also sets forth the criteria for approval of an application for a planned residential district. Appellants point out all the pertinent provisions of the zoning code were in effect prior to the time they filed their application to re-zone their property. Appellants also point out after appellants amended their application, the Board of Trustees scheduled a hearing, and published a public notice of the public hearing on the application. R.C. 2506.01 provides for appeals from final orders, adjudications, or decisions of any officers, tribunal, or authority, board, bureau, commission, department, or other division of a political subdivision of the state to the court of common pleas. However, Ohio courts do not permit appeal of legislative decision, see Donnelly v. City of Fairview Park (1968), 13 Ohio St.2d 1. In Donnelly, the Supreme Court enunciated the test for determining whether the action of a legislative party is legislative or administrative: whether the action taken is to enact a law, or to execute or administer the law. Recently, in Buckeye Community Hope Foundation v. City of Cuyahoga Falls (1998), 82 Ohio St.3d 539, the Ohio Supreme held: The passage by a city council of an ordinance approving a site plan for the development of land, pursuant to existing zoning and other applicable regulations, constitutes administrative action and is not subject to referendum proceedings.
Syllabus by the court, paragraph three.
In Buckeye Community Hope Foundation, the Supreme Court examined its prior decision in Donnelly, supra, and found Donnelly clearly established the test for whether an action is legislative or administrative. It requires a court to examine the nature of the action taken, rather than the mere form in which it is taken. Applying the Donnelly test to the circumstances in Buckeye, the Supreme Court found merely because the Cuyahoga Falls City Council took action by ordinance, rather than by resolution or other means, does not make its action on the foundation site plan a legislative action. The Supreme Court was unpersuaded by the city ordinance relating to approval of site plans which provided the approval is legislative rather than administrative. The court found city council cannot designate an action legislative, but rather, the test articulated in Donnelly is determinative. Thus, we must look beyond the language in the zoning code and apply the Donnelly test to appellees' decision. The adoption or amendment of a zoning regulation is a legislative action, see Tuber v. Perkins (1966), 6 Ohio St.2d 155, but appellants point out they did not request an amendment of the zoning code. In order to grant its petition, the Board of Trustees did not have to make new law or amend existing law. Instead, the Board of Trustees was called upon to apply the zoning code to determine whether to change the property from one zoning classification to another. We find this is an administrative action, not a legislative action, pursuant to Donnelly and Buckeye. We conclude the trial court was incorrect when it found it lacked subject matter jurisdiction over this appeal. The assignment of error is sustained. For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Reader V.J., and Gwin, P.J., concur Hoffman, J., dissents.