OPINION
Plaintiffs-appellants Donald and Sally Robertson [hereinafter appellants] appeal the February 27, 2001, Judgment Entry of the Ashland County Court of Common Pleas which found that the Court of Common Pleas was without jurisdiction to hear appellants' administrative appeal. Defendant-appellee is the Board of Troy Township Trustees [hereinafter Board of Trustees].
 STATEMENT OF THE FACTS AND CASE
Initially, we note that the record before this court does not contain a record of any of the proceedings prior to the filing of the Complaint in the trial court.[1] However, the parties have submitted a brief summary of the facts, upon which they agree: Appellants applied to the Troy Township Zoning Commission [hereinafter Zoning Commission] for a zoning change to a parcel of land owned by appellants. The Zoning Commission met on April 28, 2000, and rejected appellant's proposed amendment for rezoning. This Decision was affirmed "on other grounds" by the Board of Trustees on June 15, 2000.
Appellants filed a Notice of Appeal with the Troy Township Board of Zoning Appeals. The Board of Zoning Appeals denied consideration of the appeal, claiming that it was outside of the Board of Zoning Appeals' jurisdiction.
The record before this court does reflect that appellants subsequently filed a Notice of Appeal and a Complaint in the Ashland County Court of Common Pleas on July 14, 2000. Appellants sought review of the final decision of the Board of Trustees, rendered June 15, 2000, pursuant to the Administrative Appeal Act, R.C. 2506.01.
On February 22, 2001, appellee filed a Motion to Dismiss. The Motion was heard on February 27, 2001, prior to the start of the hearing on appellants' Appeal and Complaint. The trial court, via Judgment Entry filed February 27, 2001, found that it was without jurisdiction to hear the appeal on the basis that the decision to rezone is legislative in nature, not administrative, and therefore not properly subject to administrative appeal under R.C. Chapter 2506.
It is from the February 27, 2001, Judgment Entry finding a lack of jurisdiction that appellants appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT IT LACKED JURISDICTION IN THIS MATTER ON THE BASIS THAT THE UNDERLYING ADMINISTRATIVE ACTION WAS NOT "QUASI JUDICIAL."
 A. WHEN A BOARD OF TOWNSHIP TRUSTEES DENIES A PETITION REQUESTING A ZONING CHANGE AND IN SO DOING FAILS TO ACT IN ACCORDANCE WITH ITS GOVERNING RESOLUTION, THE ACTION OF THE BOARD IS QUASI JUDICIAL IN NATURE AND SUBJECT TO APPEAL UNDER R.C. 2506.01.
 B. THE REFUSAL OF A ZONING BOARD OF APPEALS TO ACCEPT JURISDICTION OF A ZONING APPEAL BASED ON PROCEDURAL IMPROPRIETIES DOES NOT RESULT IN A DEPRIVATION OF THE RIGHT TO JUDICIAL REVIEW OF AN ADMINISTRATIVE FINAL ORDER.
Any other facts relative to our discussion of appellants' assignment of error shall be contained therein.
This case comes to us on the accelerated calender. Appellate Rule 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
In appellants' sole assignment of error, they argue that procedural improprieties with respect to the consideration of their application for rezoning transformed what began as a quasi-legislative decision into a quasi-judicial, or administrative, decision. Specifically, appellants contend that the Zoning Commission and the Board of Trustees failed to act in accordance with the applicable Zoning Ordinance and that the Board of Zoning Appeals refused jurisdiction to hear the appeal, despite authority to do so.[2] Appellants concede that appeals from legislative acts are not provided for by R.C. 2506.01 and that had the alleged procedural improprieties not occurred, R.C. 2506.01 would not have provided for an appeal of the Board of Trustees' decision. Appellants' Merit Brief at 2; Transcript of Proceedings at 6.
As noted previously, appellants brought their appeal pursuant to R.C.2506.01.[3] Revised Code Chapter 2506 applies to administrative or quasi-judicial decisions but not to legislative decisions. Tuber v.Perkins (1966), 6 Ohio St.2d 155, syllabus. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence. Donnelly v. City of Fairview Park (1968),13 Ohio St.2d 1, syllabus. A court is to examine the nature of the action taken. Buckeye Community Hope Foundation v. Cuyahoga Falls (1998),82 Ohio St.3d 539, 544. See J.D. Partnership v. Berlin Township Board ofTrustees (Aug. 2, 2000), Delaware App. No. 99CVF7274, unreported, 2000 WL 1074302.
Previously, the Ohio Supreme Court has determined that the decision as to whether to rezone is a legislative matter. Berg v. City of Struthers
(1964), 176 Ohio St. 146; Donnelly, 13 Ohio St.2d at 3-4; Tuber, 6 Ohio St.2d at syllabus. In contrast, decisions as to whether to grant a variance, permit a conditional use or approve a site plan constitute an administrative matter. Donnelly, 13 Ohio St.2d 3-4; Buckey Community HopeFoundation, supra. Such administrative actions involve the application of existing law, while the decision as to whether to rezone an area is the legislative act of making law. See Id.
In the case sub judice, appellants concede that had the alleged procedural errors not occurred, the decision of the Board of Trustees would have been a legislative action and could not have been appealed under R.C. Chapter 2506. In accord, Donnelly, supra; Berg, supra;Schropshire v. Englewood (1993), 92 Ohio App.3d 168, 171. However, appellant argues that the legislative action was transformed into an administrative or quasi judicial matter when the Zoning Ordinances were not followed in the process of denying appellants' application for rezoning. We disagree. The fact that there may have been procedural improprieties in considering appellants' request for rezoning does not alter the nature of the action.
In the second portion of appellants' assignment of error, appellants contend that the refusal of the Board of Zoning Appeals to accept jurisdiction of a zoning appeal does not result in a deprivation of the right to judicial review, when jurisdiction to the Court of Common Pleas is otherwise vested. Pursuant to our finding that the trial court was not otherwise vested with jurisdiction, we find appellants' argument moot.
Appellants' sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs to appellants.
Edwards, P.J., Gwin, J. and Wise, J. concurs.
[1] Appellee failed to certify a complete record and/or transcript. Accordingly, by Judgment Entry filed October 26, 2000, the trial court set the matter for a full evidentiary hearing, de novo.
[2] Appellants assert that "the Zoning Commission failed to follow numerous procedures and methods set forth in the Zoning Resolution and Ohio law, including but not limited to, considering certain critical factors in making its recommendation on the proposed zoning change." Appellants' Complaint.
[3] Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
A "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.
R.C. 2506.01