{¶ 14} I concur in the majority's judgment. However, I write separately because I find Appellants' appeals were legislative in nature and would affirm the trial court's judgments on that basis.
 {¶ 15} Generally, legislative decisions are not appealable pursuant to R.C. 2506.01. Moraine v. Bd. of Cty. Commrs. (1981),67 Ohio St.2d 139, 144. See, also, Dittmer v. Lorain, 9th Dist. Nos. 02CA008126, 02CA008138, 02CA008150, 02CA008151, 02CA008152,2003-Ohio-2340, at ¶ 11. A city council's adoption or amendment of a zoning regulation or ordinance or its denial of an amendment to a comprehensive zoning plan is a legislative act. Donnelly v. FairviewPark (1968), 13 Ohio St.2d 1, 3; Moraine, 67 Ohio St.2d at 144. Nevertheless, a city council may perform administrative acts in addition to legislative acts. Myers v. Schiering (1971), 27 Ohio St.2d 11, 13.
 {¶ 16} "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence."Donnelly, 13 Ohio St.2d 1 at paragraph two of the syllabus. Further, the implementation of a law, ordinance or regulation, as well as its creation, is a legislative act subject to referendum. See State ex rel.Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. of Elections
(1999), 87 Ohio St.3d 132, 136-137. However, a city council cannot designate an action as either administrative or legislative merely because it desires the action to be administrative or legislative.Buckeye Community Hope Found. v. Cuyahoga Falls (1998), 82 Ohio St.3d 539,545. Instead, the nature of the action taken determines whether it is administrative or legislative. Id. See, also, Donnelly,13 Ohio St.2d at 4.
 {¶ 17} To determine whether Council's approval of the final development plans for the Meadow Lakes and Waterbury PCDs was legislative or administrative in nature, we must turn to the provisions of Section 1279 et seq. of North Ridgeville's Codified Ordinances ("NRCO"), which address the procedures to create a PCD. Specifically, "[a] developer seeking to develop a parcel or parcels of land as a PCD District shall submit development area plans, including preliminary and final development applications[.]" NRCO 1279.02. If Council approves the preliminary plan, the Clerk of Council "shall cause a notation to be made on the Zoning Map to reflect the area which is included in the approved preliminary plan in a PCD District." NRCO 1279.08. Following the approval of the preliminary plan, the developer must complete and file a final plan of the development area within one year. Id.
 {¶ 18} I am cognizant that NRCO 1279.08 provides that the legislative process for rezoning the PCD District is complete following Council's approval of the preliminary plan application and Council's approval of the final plan is "solely" administrative; however, this language is inconsequential, as Council cannot designate an act as legislative or administrative. See Buckeye Community Hope Found.,82 Ohio St.3d at 545. Rather, it is the nature of the act which is indicative of its classification as either legislative or administrative. Id. See, also, Donnelly, 13 Ohio St.2d at 4.
 {¶ 19} In the instant case, I find that Council's approval of the final development plan is legislative because it implemented the Meadow Lakes and Waterbury PCDs. See Crossman, 87 Ohio St.3d at 137 (holding that Fairborn City Council's approval of a final development plan constituted a referendable, legislative act because it implemented a planned-unit development); Dittmer at ¶ 22-23 (concluding that the approval of the final development plan implemented the R-PUD and, therefore, city council's action was legislative). Particularly, to rezone an area as a PCD and implement it within the city boundaries of North Ridgeville, Council must approve both a preliminary and final plan. See NRCO 1279.02, 1279.06, and 1279.11. Therefore, Council's approval of the final development plans was legislative. Accordingly, the trial court lacked jurisdiction to entertain Appellants' appeals and it did not err in dismissing the appeals.