OPINION
{¶ 1} Appellant, Speedway SuperAmerica, LLC, owns approximately 4.5 acres of land located in the Village of Granville. Said land was zoned as a Planned Commercial District (hereinafter "PCD"). On June 14, 2002, appellant filed an application requesting approval of a development plan for a combined convenience store and gas station on 2.08 acres of the land In a meeting held on October 16, 2002, appellee, Granville Village Council, denied the application. Appellant filed an appeal with the Court of Common Pleas of Licking County, Ohio (Case No. 02CV1238). A formal resolution denying the application was filed on November 6, 2002. Thereafter, appellant filed a second appeal (Case No. 02CV1239).
 {¶ 2} On December 6, 2002, appellee filed a motion to dismiss for lack of subject matter jurisdiction. A hearing was held on April 15, 2003. By judgment entry filed May 1, 2003, the trial court found appellee's action in denying the application was a legislative act and therefore not subject to appeal under R.C. Chapter 2506. The trial court granted appellee's motion and dismissed the case.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The Court of Common Pleas erred as a matter of law in dismissing the R.C. Chapter 2506 Administrative Appeals because the decision of the Granville Village Council which denied appellant's final development plan was an administrative act not a legislative act."
 I {¶ 5} Appellant claims the trial court erred in finding the denial of the application was a legislative act and therefore not subject to R.C. Chapter 2506 appeal. We agree.
 {¶ 6} It is undisputed a legislative act by the Village of Granville is not subject to administrative appeal via R.C. Chapter 2506 and conversely, only administrative decisions are subject to appeal. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." Donnelly v. Fairview Park
(1968), 13 Ohio St.2d 1, paragraph two of the syllabus.
 {¶ 7} In dismissing the appeal, the trial court relied on the case of State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. OfElections (1999), 87 Ohio St.3d 132, 136-137, wherein the Supreme Court of Ohio held the following:
 {¶ 8} "More specifically, in applying the foregoing test to zoning cases involving planned unit development ('PUD'), we have held that 'theimplementation of a PUD, as well as its creation, is a legislative act
subject to referendum' because the action of approving a plat is the functional equivalent of traditional legislative zoning, although the entire PUD area is covered by the same nominal zoning classification both before and after the approval of the plat. (Emphasis added.) State exrel. Zonders v. Delaware Cty. Bd. of Elections (1994), 69 Ohio St.3d 5,11, 630 N.E.2d 313, 317-318; Peachtree Dev. Co. v. Paul (1981),67 Ohio St.2d 345, 351, 21 O.O.3d 217, 220, 423 N.E.2d 1087, 1092; Grayv. Trustees of Monclova Twp. (1974), 38 Ohio St.2d 310, 314, 67 O.O.2d 365, 367, 313 N.E.2d 366, 369."
 {¶ 9} Subsequent to the trial court's decision, the Supreme Court of Ohio rendered a decision in State ex rel. Committee for the Referendumof Ordinance No. 3844-02 v. Norris, 99 Ohio St.3d 336, 2003-Ohio-3887, wherein the court overruled Crossman in part, reiterating its previous determination in Zonders, supra, at 13:
 {¶ 10} "However, where specific property is already zoned as a PUD area, approval of subsequent development as being in compliance with the existing PUD standards is an administrative act which is not subject to referendum."
 {¶ 11} The issue in this case is the nature of the PCD regulations. Do the regulations merely establish a nominal PCD area which would create zoning changes upon approval of a development plan, or do they set forth existing standards under which a development plan must comply with?
 {¶ 12} In its brief at 5, appellee argues the following:
 {¶ 13} "The Granville PUD ordinances do not make a distinction between a preliminary development plan and a final development plan — only one `development plan' is presented to and is either approved by or denied by the Village Council. This `development plan' creates all of the use restrictions and all of the development regulations that will apply to the property."
 {¶ 14} In its brief at 1 and 2, appellant argues this case "does not involve a rezoning, but rather a process akin to the platting process" "in accordance with PCD standards, objectives, and uses under PCD zoning."
 {¶ 15} In order to fully consider the arguments herein, it is necessary to examine the applicable regulations. In February 1995, appellee enacted Ordinance No. 47-94 which in effect rezoned the subject property to a PCD. Said ordinance included "requirements" and "standards" for a development plan. On May 16, 2001, this ordinance was repealed and replaced with Ordinance No. 12-01. Said ordinance was essentially identical to the previous ordinance, however the "requirements" and "standards" were relabeled "guidelines." These guidelines included minimum yards, set backs, density, lot coverage, building orientation and site development. See, Village of Granville Planning and Zoning Code Section 1171.03. Thereafter, on June 14, 2002, appellant filed its development plan pursuant to the "guidelines."
 {¶ 16} In submitting a development plan, the owner or developer of the land must include general site development considerations as well as drawings and a preliminary plat. See, Section 1171.04. The Village Engineer and department heads are invited to submit opinions, and a determination on the acceptability of the plan shall be based on the guidelines "and other elements having a bearing on the overall acceptability of the Plan in keeping with the intent of this section." Id.
 {¶ 17} As cited supra, Zonders clearly recognizes two distinctions, the enactment of a PUD classification which is a legislative act, and approval of a development plan for an existing PUD which is an administrative act. We find the use of the labels "requirements," "standards" and "guidelines" to be a distinction without difference. Consistent with the Supreme Court of Ohio's opinion inNorris, supra, we find the development plan submitted in this case was not an attempt to rezone the property, but was filed to determine compliance with the "guidelines" already established via Ordinance No. 12-01. Pursuant to the modified Crossman test, we find the denial of the development plan to be an administrative act and subject to R.C. Chapter 2506.
 {¶ 18} Upon review, we find the trial court erred in dismissing the appeal.
 {¶ 19} The sole assignment of error is granted.
 {¶ 20} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.
Gwin, P.J. and Edwards, J. Concur.