OPINION
{¶ 1} Appellant Richard Reddick appeals the August 2, 2004 Judgment Entry entered by the Coshocton County Court of Common Pleas, which affirmed the decision of the State Personnel Board of Review to dismiss appellant's administrative appeals for lack of jurisdiction. Appellee is the Coshocton County Regional Airport Authority.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 24, 1965, the Coshocton County Board of Commissioners ("the Board") adopted a resolution pursuant to R.C. 308.03, creating the Coshocton County Airport Authority ("Airport Authority"). Subsequently, on November 28, 1990, the Board passed a resolution amending the May, 1965 resolution. The Board specifically resolved it could "appropriate annually from the county general fund monies equal to as much as 100% of the expense of [the] Airport Authority." Additionally, the Board resolved it could "contract with the Coshocton County Regional Airport Authority to provide county employees to serve as staff for the airport."
 {¶ 3} Prior to the passing of this resolution, the County Prosecutor contacted the Ohio Attorney General for an opinion on whether the Board could contract with the Airport Authority to provide in-kind assistance in the form of employees to operate the airport. Via Opinion issued September 7, 1990, the Attorney General opined the Board could contract with a regional airport authority for the county to provide county employees to serve as staff for the airport pursuant to R.C. 307.20,308.03(G), 308.06(K), and 717.01(X). The Attorney General further opined if the agreement between the Board and the Airport Authority contained a provision for financial support by the county which exceeded the portion set forth in the original resolution, the provision could be adopted by way of amendment to the original resolution.
 {¶ 4} At a regular meeting on January 18, 1995, the Board hired appellant to work at the airport, effective January 21, 1995.
 {¶ 5} On April 9, 2001, the Board and the Airport Authority entered into an agreement "to update and clarify the present contractual situation regarding County employees who work at the Airport, and the Airport's relationship with its employees." Pursuant to the agreement, the Board surrendered and divested itself of any employment relationship with any Airport employee, except for the handling of payroll. The agreement indicated all officers and employees of the Airport were public employees, and all full-time employees of the Airport would be covered by any health insurance benefit program offered to full-time employees of the county. As a result of this agreement, appellant's employment status changed from classified service to unclassified service. Appellant maintains he was never notified of this status change.
 {¶ 6} On February 3, 2003, the Airport Authority advised appellant his employment would change from full-time status to part-time status, effective February 15, 2003, due to the financial state of the county. Thereafter, on April 3, 2003, appellant's employment was terminated, effective immediately, as a result of appellant's absence from duty without approved leave. The Board of Directors of the Airport Authority adopted a resolution affirming appellant's termination at a regular meeting on April 24, 2003. Appellant appealed both the reduction in his status from full-time employment to part-time employment, and his termination to the State Personnel Board of Review. The State Personnel Board of Review dismissed both appeals on jurisdictional grounds without conducting an evidentiary hearing. Appellant filed a timely appeal to the Coshocton County Court of Common Pleas. The trial court affirmed the decision of the State Personnel Board of Review, and dismissed appellant's appeal via Judgment Entry filed August 2, 2004.
 {¶ 7} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 8} "I. The common pleas court erred as a matter of law in affirming the decision of the state personnel board of review's [sic] that jurisdiction did not exist to hear an appeal from his reduction in or removal from his position, which had been placed in the unclassified service without notice.
 {¶ 9} "II. The common pleas court erred as a matter of law in affirming the decision of the state personnel board of review because appellant was deprived of a property interest without notice or a hearing in violation of the due process clause."
 I, II {¶ 10} Because appellant's assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, appellant maintains the trial court erred in affirming the decision of the State Personnel Board of Review dismissing his appeal for lack of jurisdiction. In his second assignment of error, appellant submits the trial court erred in affirming the decision of the State Personnel Board as he was deprived a property interest without notice or a hearing in violation of his due process rights.
 {¶ 11} Prior to the Board's passing the April 9, 2001 resolution, appellant, as a classified employee, had a property right in continued employment. See, Cleveland Bd. of Educ. v. Loudermill (1985), 470 U.S. 532,105 S.Ct. 1487, 84 LEd.2d 494. Appellant argues, pursuant to Loudermill,
the Board was required to provide him with notice and an opportunity to be heard prior to any change in his employment status. The Airport Authority contends, as administrative law judge found, the Board properly exercised its authority as granted by the General Assembly and was not required to conduct a Loudermill hearing.
 {¶ 12} This appeal centers around the question of whether the Board had the authority to change appellant's employment status from classified to unclassified without providing appellant with notice and an opportunity to be heard. Initially, we must determine whether the Board's enactment of the April 9, 2001 Resolution was a legislative act, or an executive or administrative act. If legislative, no notice or opportunity to challenge the change in classification was necessary. If executive or administrative, a Loudermill hearing is required.
 {¶ 13} "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." State ex rel. Commt.for the Referendum of Ordinance No. 3844-02 v. Norris, 99 Ohio St.3d 336,792 N.E.2d 186, 2003-Ohio-3887, at ¶ 19, quoting Donnelly v. City ofFairview Park (1968), 13 Ohio St.2d 1, 233 N.E.2d 500, paragraph two of the syllabus.
 {¶ 14} Assuming, arguendo, the Board is a legislative body,[1] we find the Board's amending the resolution on April 9, 2001, was executive or administrative in nature, not legislative. The amendment was an act of executing or administering a law, ordinance or regulation already in existence. As such, the Board was required to provide appellant with aLoudermill hearing. Accordingly, we find the Board violated appellant's due process rights when it amended the resolution which resulted in a change of his employment status without providing appellant with aLoudermill hearing. We find the trial court erred in affirming the decision of the State Personnel Board of Review.
 {¶ 15} Appellant's first and second assignments of error are sustained. This matter is remanded to the State Personnel Board of Review for further proceedings consistent with this Opinion and the law.
 {¶ 16} The judgment of the Coshocton County Court of Common Pleas is reversed and this matter remanded to the State Personnel Board of Review for further proceedings consistent with this Opinion and the law.
Hoffman, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is reversed and this matter is remanded to the State Personnel Board of Review for further proceedings consistent with this Opinion and the law. Costs assessed to appellee.
[1] We are unable to definitively determine whether a county board of commissioners is the functional equivalent of the executive branch or the legislative branch of the government, or potentially a combination of both.
R.C. § 302.12, which sets forth the general powers and duties of a board of commissioners, provides: "The board of county commissioners is the policy-determining body of the county. Except as otherwise provided by sections 302.01 to 302.24, inclusive, of the Revised Code, it has all the powers and duties vested by law in boards of county commissioners. All powers and duties which may be vested by law in counties or in county officers or agencies, or which may be transferred to the county by action of a township or municipality under authority of Section 1 of Article X, Ohio Constitution, and which are not assigned by law to any department, office, or body existing under the alternative form of government in force, shall be exercised or performed by the board or by the department, office, or body designated by resolution of the board."
R.C. § 302.13 enumerates the specific powers of a board, which include establishing various departments; determining compensation; acquiring, constructing, maintaining, administering, renting, and leasing property; establishing procedures governing the making of county contracts and the purchasing of county supplies and equipment by competitive bidding; exercising control over expenditures; and, by ordinance or resolution making any rule, or acting in any matter not specifically prohibited by general law.