DECISION AND JUDGMENT
{¶ 1} This is an appeal and cross-appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in part and denied summary judgment in part for each of the parties in this action brought as an administrative appeal pursuant to R.C. Chapter 2506.
 {¶ 2} The following background is necessary for a clear understanding of the matter before this court. In 1983, Toledo City Council adopted the Lagrange Revitalization Plan ("the plan") which was designed to create a more unified commercial district ("Lagrange Commercial District") in the 1.4-square mile Lagrange neighborhood. The area is made up of six zones or land use areas and its zoning classification is C-6 (commercial development) under the Lagrange zoning laws. One zone is designated "primary retail" and the other five are designated "service commercial." The Lagrange zoning laws specify certain permitted uses for each of the six zones within the Lagrange Commercial District.
 {¶ 3} In 2002, appellant Dergham Ridi purchased a Shell gasoline station on Lagrange Street located within the revitalization plan commercial district. In addition to gasoline, Ridi's business sold sundries such as cigarettes, beverages and some food items. On June 25, 2002, Ridi requested a special use permit ("SUP") from the city of Toledo in order to expand his shelving space for sundries into an adjacent area that had previously been used for car repairs. The area in question was in the same building and under the same roof as the gas station and the existing sales area. On February 4, 2003, city council *Page 3 
denied Ridi's request. Later that month, Ridi appealed the denial to the Lucas County Court of Common Pleas. The trial court found that the record was not clear as to what evidence city council relied on in its decision to deny the permit. Therefore, the trial court remanded the matter to city council on December 30, 2004, for further hearing "to determine what, if any, cumulative, direct evidence supports the denial of [the permit] * * *."
 {¶ 4} In 2004, city council adopted a new zoning code which provided that the Lagrange zoning laws would remain in effect and were to govern in the event of any conflict with the city's general zoning laws. The 2004 zoning code specifically retained and affirmed the C-6 land use regulations for Lagrange Street.
 {¶ 5} After remand, the matter lapsed for one year, until January 11, 2006, when Toledo City Council's Zoning and Planning Committee conducted a public hearing. The planning committee then forwarded the matter to city council without recommendation. On January 31, 2006, city council passed Ordinance No. 65-06, which granted Ridi's request for a special use permit.
 {¶ 6} On February 13, 2006, two actions underlying this appeal were filed in the trial court: an administrative appeal under R.C. Chapter 2506, filed by Lagrange Development Corp., and a taxpayers' action under Toledo Charter Sections 113 to 118, filed by five individuals who are residents of Toledo. The cases were consolidated because both arise out of Toledo City Council's adoption of Ordinance No. 65-06. *Page 4 
 {¶ 7} On September 11, 2006, Ridi filed a motion to intervene as a defendant, which was granted. On October 16, 2006, Lagrange Development Corp. ("Lagrange") filed a motion to amend its prayer for relief to add a request for declaratory judgment; the motion was granted. On October 23, 2006, Ridi filed a counterclaim against the taxpayer plaintiffs and a third-party complaint against Lagrange.[1]
 {¶ 8} On September 21, 2007, Lagrange and the taxpayers filed a joint motion for summary judgment and Ridi filed a cross-motion for summary judgment. On September 25, 2007, the city of Toledo filed a motion for summary judgment. Oppositions and replies were filed.
 {¶ 9} In their motion for summary judgment, appellees argued in support of their administrative appeal that Ordinance 65-06, allowing conversion of part of the service station to a convenience store, is illegal because it violates the Lagrange zoning laws. They argued that the zoning laws prohibit "retail stores selling convenience goods" in the area where the gas station is located. In support of the taxpayers' action, appellees argued that they were entitled to an injunction enjoining the issuance of the SUP, as well as declaratory and injunctive relief with respect to the proper interpretation and application of the 2004 zoning code, which specifically states that the Lagrange zoning laws "shall remain in effect" and that in the case of a conflict the zoning laws "shall govern." *Page 5 
 {¶ 10} In his cross-motion for summary judgment, Ridi asserted that an "automobile service station" is a permitted land use for property in the area of the Lagrange Commercial District where his gas station is located, and that "automobile service station" is defined as a building used primarily for supplying automotive fuel and motor oil; the zoning code does not require the exclusive sale of those products, he added. Ridi argued that he may also engage in the sale of convenience goods so long as his primary business is selling automotive fuel and motor oil. Ridi insisted that he would continue to sell primarily gasoline.
 {¶ 11} The city argued in its motion for summary judgment that it properly approved the amended SUP. It asserted that the zoning code was adopted in 2004, after Ridi filed his request in 2002.
 {¶ 12} Upon review of the administrative appeal, the trial court noted that the Lagrange zoning laws clearly set forth the permitted uses in each area of the commercial district. A convenience store is a permitted use in a "Primary Retail Area" and a service station is a permitted use in "Service Commercial Area 1," where Ridi's gas station is located. The zoning laws do not list convenience stores as a permitted use in Service Commercial Area 1, the trial court found. The trial court concluded that Ordinance 65-06 did not comply with the Lagrange zoning laws and that the decision of city council was therefore "not supported by a preponderance of reliable, probative, and substantial evidence and was unreasonable, arbitrary and capricious." For those reasons, the trial *Page 6 
court concluded that appellees were entitled to summary judgment on their administrative appeal.
 {¶ 13} As to the taxpayers' action, the trial court found that appellees were not entitled to injunctive relief because they had an adequate remedy at law through an administrative appeal. Appellees taxpayers also requested declaratory and injunctive relief with respect to the proper interpretation and application of the 2004 zoning code in the context of the Lagrange zoning laws. The trial court found that there was no evidence that city council granted the SUP under the 2004 zoning law. Further, the trial court concluded that the requested relief was not ripe and there was no case or controversy, leaving the court without jurisdiction to consider the taxpayers' action for injunctive and declaratory relief.
 {¶ 14} It is from that judgment that the parties appeal.
 {¶ 15} Our review of summary judgment determinations is conducted on a de novo basis, applying the same standard used by the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129;Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, considering the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). *Page 7 
 Appeal by Dergham Ridi {¶ 16} In his first assignment of error, Ridi asserts that the trial court did not have subject matter jurisdiction to review the grant of the SUP because city council's act in passing Ordinance No. 65-06 was legislative, not administrative. This is a threshold issue, because if the trial court did not have jurisdiction, this matter is not properly before us; if we find that city council's action was administrative in nature and the trial court did have jurisdiction, we will proceed to consider Ridi's remaining assignments of error.
 {¶ 17} Appellant Ridi sets forth the following assignments of error:
 {¶ 18} "Assignment of Error No. 1
 {¶ 19} "The trial court erred because it lacked subject matter jurisdiction.
 {¶ 20} "A. Subject matter jurisdiction may be raised for the first time on appeal.
 {¶ 21} "B. Courts do not have jurisdiction to rule upon valid legislation.
 {¶ 22} "C. Toledo Ordinance No. 65-06 is the enactment of valid legislation.
 {¶ 23} "D. Since Toledo City Council enacted Ordinance No. 65-06 legislatively, the trial court lacked jurisdiction to entertain an appeal.
 {¶ 24} "E. Even if Ordinance No. 65-06 derived itself from an administrative appeal, which it did not, the trial court still lacked jurisdiction."
 {¶ 25} "Assignment of Error No. 2
 {¶ 26} "The trial court failed to apply the statutory definition of a convenience store. *Page 8 
 {¶ 27} "Assignment of Error No. 3
 {¶ 28} "The trial court erred by construing the statute most favorably to the appellee.
 {¶ 29} "Assignment of Error No. 4
 {¶ 30} "The trial court erred by applying Lagrange Zoning Ordinance as preemptive over another equal ordinance of Toledo City Council.
 {¶ 31} "Assignment of Error No. 5
 {¶ 32} "The trial court erred by granting summary judgment to appellee instead of appellant.
 {¶ 33} "A. Because appellee's affidavits failed to provide any supportive evidence, the trial court erred in granting summary judgment in favor of appellee.
 {¶ 34} "B. Because Appellant offered uncontested evidence, the trial court should have granted summary judgment to appellant."
In support of his first assignment of error, Ridi argues that, after a public hearing on January 11, 2006, the zoning and planning committee forwarded the issue to city council without recommendation; therefore, Ridi asserts, city council considered the matter de novo and enacted Ordinance No. 65-06 as an amendment to Ordinance No. 160-89 (which had previously approved the permit in 2002) without having a decision from an administrative agency to review.
 {¶ 35} In response to Ridi's first argument, we concur that the issue of subject matter jurisdiction was not raised in the trial court. However, as Ridi states, it is wellsettled *Page 9 
that subject matter jurisdiction cannot be waived and the issue may be raised at any stage of the proceedings, including for the first time on appeal. In re Byard (1996), 74 Ohio St.3d 294, 296.
 {¶ 36} The question of whether particular actions of a legislative body such as the Toledo City Council are legislative or administrative in nature has been considered by Ohio courts. This court has held that "* * * the actions of a legislative body such as a city council may be subject to review in the same manner as those of an administrative body if the council acts in an administrative or quasi-judicial capacity. [Citations omitted.]" Triomphe Investors v. City of Northwood, Mar. 13, 1992, 6th Dist. No. WD-90-095.
 {¶ 37} In Donnelly v. Fairview Park (1968), 13 Ohio St.2d 1, paragraph two of the syllabus, the Supreme Court of Ohio held that "* * * [t]he test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is oneenacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." [Emphasis added.] When a public body that is essentially legislative in character acts in a legislative capacity, there can be no appeal from its action. Id. at 4, citing Tuber v. Perkins (1966), 6 Ohio St.2d 155.
 {¶ 38} Considering whether an appeal may be prosecuted to the court of common pleas under the provisions of R.C. 2506.01 et seq. from the action of a board of township trustees amending a zoning resolution, the Ohio Supreme Court held in Tuber, supra, that *Page 10 
adopting or amending a zoning regulation or ordinance is a legislative act. Accord, Donnelly, supra.
 {¶ 39} Based on our review of the record and the law as set forth above, we find that in the case before us, city council's action in passing Ordinance No. 65-06 was legislative in nature. Therefore, the Lucas County Court of Common Pleas did not have jurisdiction to hear the appeal and make a finding that the ordinance was null and void. Accordingly, appellant Ridi's first assignment of error is well-taken. Ridi's second, third, fourth and fifth assignments of error are rendered moot by our finding.
 Cross-Appeal: Taxpayers' Action {¶ 40} In the trial court, the five taxpayers sought an injunction prohibiting the city from issuing the amended SUP, as well as declaratory and injunctive relief construing and applying the Lagrange zoning laws. The trial court declined to grant the taxpayers' requested relief, finding that the administrative appeal provided them with an adequate remedy at law. The trial court also found that, in light of its determination that Ordinance No. 65-06 was invalid, the taxpayers' claims under the 2004 zoning code were not ripe and that there was no case or controversy.
 {¶ 41} Our finding herein that the trial court was without jurisdiction over the administrative appeal from Ordinance No. 65-06 requires us to reverse that court's denial of the taxpayers' request for an injunction which was based on the lower court's conclusion that the taxpayers had an adequate remedy at law through administrative appeal. The trial court also concluded that the taxpayers' requested relief was not ripe *Page 11 
and that there was no case or controversy; therefore, the taxpayers were denied summary judgment on their action. However, based on our finding herein as to the lack of jurisdiction, we further find that the taxpayers did not have an adequate remedy through administrative appeal and that their requested relief was ripe and should have been determined by the trial court. Therefore, the trial court's denial of the taxpayers' motion for summary judgment is reversed and remanded for consideration by that court. Appellees/cross-appellants' sole assignment of error is well-taken.
 {¶ 42} We therefore reverse that part of the trial court's decision which granted summary judgment in favor of appellees Lagrange Development Corp. et al. as to the administrative appeal. We further reverse that part of the trial court's decision which denied summary judgment in the taxpayers' action and remand the case to the trial court for consideration of that matter. Finally, we reverse that part of the trial court's decision denying Dergham Ridi's motion for summary judgment.
 {¶ 43} This matter is remanded to the trial court for further proceedings consistent with this decision.
 {¶ 44} Costs of this appeal are assessed to appellee Lagrange Development Corp. pursuant to App. R. 24.
JUDGMENT REVERSED. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. concur.
[1] Throughout the majority of this decision Lagrange and the five individuals who filed the taxpayers' action are referred to as "appellees." Where necessary in the interest of clarity, they will be designated separately as "Lagrange" or "the taxpayers." Appellee the city of Toledo is referred to as "the city." Intervening appellant Dergham Ridi is referred to herein as "Ridi." *Page 1