[Cite as *Rice v. Johnstown Planning & Zoning Comm.*, 2021-Ohio-1392.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANDREW L. RICE, ET AL. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Appellants-Appellants | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| VILLAGE OF JOHNSTOWN | : | |
| PLANNING AND ZONING | : | Case No. 2020 CA 0023 |
| COMMISSION | : | |
| | : | |
| Appellee-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2018CV01131


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 19, 2021


APPEARANCES:

For Appellee-Appellee                      For Appellants-Appellants

MATTHEW S. ZEIGER                      YAZAN S. ASHRAWI
KRIS BANVARD                              THADDEUS M. BOGGS
3500 Huntington Center                   10 West Broad Street
41 South High Street                       Suite 2300
Columbus, OH  43215                   Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1} Appellants-Appellants, Andrew Rice, Mary Neda Ann Shaub, Charles L. Parker, and Marilyn J. Parker, as co-trustees of the Parker Family Trust, and Wilcox Communities, LLC, appeal the February 3, 2020 entry of the Court of Common Pleas of Licking County, Ohio, dismissing their administrative appeal. Appellee-Appellee is Village of Johnstown Planning and Zoning Commission.

FACTS AND PROCEDURAL HISTORY

{¶ 2} The subject property in this case is the Rice family farm located in Monroe Township, adjacent to the village of Johnstown. On July 31, 2018, appellants filed an application with appellee for a preliminary planned unit development (hereinafter "PUD") for the 80-plus acre property, named the Concord Trails project. The effect of the PUD would rezone the property. Appellants submitted a revised and updated application and a hearing was held on August 28, 2018. A final hearing was held on September 19, 2018. At the conclusion of the hearing, appellee voted to reject the PUD application. Simultaneously, appellants were seeking annexation of the property into the village of Johnstown.

{¶ 3} Appellants appealed to the Court of Common Pleas. On December 18, 2018, appellants filed a motion for a hearing to present additional evidence, claiming an insufficient record from the PUD hearing. By judgment entry filed March 6, 2019, the trial court found a proper record was not made for its review, most importantly, findings or conclusions to support the decision. The trial court stated appellee "made no findings concerning which provisions of the Zoning Ordinances the application violated" and "it is not clear to the Court what formal procedures the Commission follows in hearing the applications or what the procedures are for formal notice of decision and appeal." The

trial court reversed the decision and remanded the matter to appellee for further proceedings and findings.

{¶ 4} Appellee filed an appeal to this court. By opinion and judgment entry filed September 27, 2019, this court affirmed the decision with modification and remanded the matter to the trial court to conduct an evidentiary hearing pursuant to R.C. 2506.03(A)(5). *Rice v. Village of Johnstown,* 5th Dist. Licking No. 19-CA-18, 2019-Ohio-4037.

{¶ 5} After remand, on November 7, 2019, appellee filed a motion to dismiss appellants' administrative appeal, claiming the trial court did not have jurisdiction to entertain the appeal. Appellee argued appellants were seeking to appeal a legislative decision which is not an appealable matter of law under R.C. Chapter 2506. Appellee further argued the appeal was not ripe, as the subject property was never annexed into the village of Johnstown and therefore the property was not within the jurisdictional or geographical boundaries of the village. By entry filed February 3, 2020, the trial court agreed and dismissed the appeal under Civ.R. 12(B)(6). The trial court found appellee's denial of the PUD was a legislative action and therefore did not fall under R.C. Chapter 2506. The trial court found the ripeness issue to be moot.

{¶ 6} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FINDING THAT IT LACKED JURISDICTION UNDER R.C. CHAPTER 2506 TO HEAR THE APPELLANTS' APPEAL FROM THE SEPTEMBER 19, 2018, DECISION OF THE

JOHNSTOWN PLANNING AND ZONING COMMISSION DENYING APPELLANTS' PRELIMINARY APPLICATION FOR A PLANNED UNIT DEVELOPMENT."

I

{¶ 8}  In their sole assignment of error, appellants claim the trial court erred in finding it did not have jurisdiction to hear the administrative appeal.  We disagree.

{¶ 9}  The trial court dismissed the appeal pursuant to Civ.R. 12(B)(6). Subsection (B)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Under this standard, a trial court is limited to a review of the four corners of the complaint.  Appellants argue the pertinent subsection is (B)(1), "lack of jurisdiction over the subject matter."  Under this standard, a trial court is not confined to the complaint and "may consider material pertinent to such inquiry without converting the motion into one for summary judgment."  Our standard of review of a decision under either subsection is de novo, and therefore this court "must review the issues independently of the trial court's decision." *Perrysburg Township v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44; *Mellion v. Akron City School District Board of Education,* Summit App. No. 23227, 2007-Ohio-242.  "We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of [appellants]." *Habibi v. University of Toledo,* 10th Dist. Franklin No. 19AP-583, 2020-Ohio-766, ¶ 10.

{¶ 10} R.C. 2506.01 governs appeal from decisions of any agency of any political subdivision and states the following:

(A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections

2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶ 11} Under R.C. 713.01, the village of Johnstown has the authority to create a planning commission.  In accordance with its authority, the village enacted Article VII, Section 7.03 under its charter which gives the planning and zoning commission the following powers and duties:

The Planning and Zoning Commission shall have the power and duty to hear applications for land use, zoning classifications or districts and, as merited, to submit written recommendations for legislative action

or to render final determinations for administrative action; to initiate, review and recommend legislation, rules and regulations on all matters of municipal planning, land use, and zoning classification; and to exercise such other powers, duties and functions as provided by Council.

{¶ 12} Appellants argue the planning and zoning committee has the power to: 1) submit recommendations for legislative action, or 2) render final determinations for administrative action.  Appellants argue because appellee cannot render legislative decisions, appellee's final determination in rejecting the PUD was an administrative action; therefore, the trial court has jurisdiction to hear the appeal under R.C. Chapter 2506.

{¶ 13} Appellee argues the PUD application involved a rezoning which required legislative action, not administrative; therefore, the trial court does not have jurisdiction to hear the appeal under R.C. Chapter 2506.

{¶ 14} Under Section 1179.02 of the Codified Ordinances of Johnstown (Planning and Zoning Code) in effect at the time, appellee was vested with reviewing PUD applications and then "shall approve in principle with modifications, or reject the application.  Approval in principle with modification shall be necessary before an applicant may submit a final development plan."  Appellants argue the effect of this language is that in the event appellee rejects a PUD application, appellee is the final decision making authority because no mechanism is in place for review by village council, the legislative authority.  They argue because they were foreclosed from appealing appellee's rejection of their application to village council, they had no choice but to treat the rejection as a final administrative decision and file an appeal under R.C.

Chapter 2506. Appellants argue appellee's rejection of their plan was final and "[i]t killed the project." Appellant's Reply Brief at 5 and 6.

{¶ 15} It is safe to say the parties agree that R.C. Chapter 2506 review applies to administrative actions, not legislative actions, and rezoning property under a PUD is a legislative action. *Berg v. City of Struthers,* 176 Ohio St. 146, 198 N.E.2d 48 (1964). The issue in this case surrounds the effect of the village's language in Section 1179.02 of the planning and zoning code cited above.

{¶ 16} In reviewing a PUD application, appellee has the authority to 1) approve the PUD in principle with modifications, or 2) reject the application. In the event that the application is rejected, a provision does not exist to appeal to the village council, the legislative body. The effect of rejecting the application makes the decision final; it is not a recommendation to village council for legislative action, nor is it a final determination on an administrative action as it involves a decision on rezoning, a legislative issue. While appellee's act of rejection was authorized under Article VII, Section 7.03 of the village's charter, such authorization was an improper delegation of the village counsel's legislative function. As an administrative body, appellee acted as a legislative body. Appellants were placed in a conundrum by the village's charter and ordinance.

{¶ 17} In *Robertson v. Board of Troy Township Trustees,* 5th Dist. Ashland No. 01-COA-01406, 2001 WL 1010988, *2, this court stated when deciding whether the action taken was legislative or administrative, "[a] court is to examine the nature of the action taken":

> Revised Code Chapter 2506 applies to administrative or quasi-judicial decisions but not to legislative decisions. *Tuber v. Perkins* (1966),

6 Ohio St.2d 155, syllabus. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence.["] *Donnelly v. City of Fairview Park* (1968), 13 Ohio St.2d 1, [paragraph two of the] syllabus. A court is to examine the nature of the action taken. *Buckeye Community Hope Foundation v. Cuyahoga Falls* (1998), 82 Ohio St.3d 539, 544. See *J.D. Partnership v. Berlin Township Board of Trustees* (Aug. 2, 2000), Delaware App. No. 99CVF7274, unreported, 2000 WL 1074302. Previously, the Ohio Supreme Court has determined that the decision as to whether to rezone is a legislative matter. *Berg v. City of Struthers* (1964), 176 Ohio St. 146; *Donnelly,* 13 Ohio St.2d at 3-4; *Tuber,* 6 Ohio St.2d at syllabus. In contrast, decisions as to whether to grant a variance, permit a conditional use or approve a site plan constitute an administrative matter. *Donnelly,* 13 Ohio St.2d 3-4; *Buckey Community Hope Foundation, supra*. Such administrative actions involve the application of existing law, while the decision as to whether to rezone an area is the legislative act of making law. See *Id.*

{¶ 18} In this case, the nature of the action taken, a denial to rezone property under a PUD, was a legislative action, and therefore, the trial court was without jurisdiction to entertain an appeal under R.C. Chapter 2506. We acknowledge the legislative action was made by the incorrect body as a result of the faulty wording of

Section 1179.02 of the planning and zoning Code in effect at the time, but nevertheless find R.C. Chapter 2506 to be inapplicable herein.

{¶ 19} Upon review, we find the trial court did not err in dismissing the appeal.

{¶ 20} The sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.


EEW/db